[No. 31405.   Department Two.   October 30, 1950.]

*In the Matter of the Application for a Writ of Habeas Corpus of* HENRY CONWAY, *Appellant,* v. JOHN CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

Henry Conway, pro se.

The Attorney General and Lawrence K. McDonell, Assistant, for respondent.

MALLERY, J.—The petitioner was sentenced to life imprisonment in the state penitentiary on January 7, 1943, by the superior court for Yakima county, after a jury trial. He, thereafter, applied to this court for the right to file a petition for a writ of *habeas corpus, in forma pauperis,* which was granted August 23, 1948. An order to show cause on the petition for the writ was directed, by this court, to the respondent on September 25, 1948, returnable before the superior court for Yakima county. That court had a hearing on the show cause order, December 6, 1948, and denied issuance of the writ. No appeal was taken from that order.

[1] Reported in 223 P. (2d) 452.

■ Art. IV, § 4, of the constitution, touching the jurisdiction of the supreme court, provides, in part, as follows:

". . . Each of the judges shall have power to issue writs of habeas corpus to any part of the state upon petition by or on behalf of any person held in actual custody, and may make such writs returnable before himself, or before the supreme court, or before any superior court of the state, or any judge thereof."

It is by virtue of this constitutional provision that this court issued the show cause order, returnable before the superior court for Yakima county, thereby giving jurisdiction to that court to hear that particular matter. See *In re Emch*, 124 Wash. 401, 214 Pac. 1043.

After disposal of the matter by the entry of the order of December 6, 1948, and the expiration of the time in which anything pertinent to the matter could have been done, the jurisdiction of that court, as to that petition and/or that petitioner, was exhausted. The reason for this is that Art. IV, § 6, of the constitution, defining the jurisdiction of the superior courts, in so far as it is applicable, provides as follows:

". . . Said courts and their judges shall have power to issue writs of . . . habeas corpus, on petition by or on behalf of any person *in actual custody in their respective counties*. . . ." (Italics ours.)

■ Thus, this court and the superior court of the state of Washington for Walla Walla county are the only courts open to original petitions for a writ of *habeas corpus* for one who is in the penitentiary at Walla Walla.

On December 23, 1948, the petitioner filed a motion in the superior court for Yakima county entitled: "PETITION FOR A WRIT OF HABEAS CORPUS *by Rehearing* ORIGINAL APPLICATION WHICH WAS REMANDED BY THE STATE SUPREME COURT BY ORDER TO SHOW CAUSE." (Italics ours.) It was dismissed on February 4, 1950, on the ground that the court no longer had jurisdiction after the order of December 6, 1948. From this order this appeal was taken.

We are aware of no provision of law for such a petition. Even if, out of liberality, we treat the petition as a motion

for a new trial, it would avail the petitioner nothing, because it was neither made in time, nor did it set up any of the statutory grounds required for such a motion.

The trial court was correct in declining to take jurisdiction other than for the purpose of dismissing the petition. *In re Higdon,* 30 Wn. (2d) 546, 192 P. (2d) 744.

The order dismissing the petition is affirmed.

ROBINSON, SCHWELLENBACH, GRADY, and HILL, JJ., concur.