John Edward REECE, Appellant,

v.

The STATE OF WASHINGTON and B. J. Rhay, as Superintendent of Washington State Penitentiary at Walla Walla, Washington, Appellees.

No. 18022.

United States Court of Appeals Ninth Circuit.

Nov. 19, 1962.

---

**140**

John Edward Reece, Walla Walla, Wash., appears in pro. per. for appellant.

No appearance noted on behalf of appellees.

Before MAGRUDER, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

Appellant sought leave to file a complaint in forma pauperis naming the State of Washington and the Superintendent of the Washington State Penitentiary as defendants and purporting to allege a cause of action under the Civil Rights Act (42 U.S.C.A. §§ 1981, 1983). The complaint alleged that appellant was serving a prison sentence, the length of which was based upon an erroneous construction by the state court of the state statutes fixing the maximum sentence for the offenses of which appellant was convicted. The District Court directed the Clerk to file the complaint without payment of fees but denied appellant's motion to proceed in forma pauperis on the ground that the action was frivolous. We interpret the District Court's order as a denial of the motion for leave to commence the action in forma pauperis, and its order permitting the complaint to be "filed" as intended simply to provide a complete record of the action taken.

The District Court "may" authorize the commencement of a civil action in forma pauperis, and thereafter "may dismiss the case * * * if satisfied that the action is frivolous." (28 U.S.C.A. § 1915(a), (d)). It follows that the District Court was authorized to deny leave to proceed in forma pauperis at the outset if it appeared from the face of the proposed complaint that the action was frivolous. Cf. Loum v. Underwood, 262 F.2d 866 (6th Cir., 1959); Taylor v. Steele, 191 F.2d 852 (8th Cir., 1951); Huffman v. Smith, 172 F.2d 129 (9th Cir., 1949). This authority is to be exercised with great restraint, and generally only where it would be proper to dismiss the complaint sua sponte before service of process if it were filed by one tendering the required fees. See Harmon v. Superior Court, 307 F.2d 796 (9th Cir., 1962). This was such a case.

Appellant's motions in this Court for appointment of counsel, for "default judgment," and for an injunction are denied. The judgment of the District Court is affirmed.