314 F.2d 340
 Richard Eugene SIRES, Appellant,
v.
W. R. COLE, Judge, Superior Court of Kittitas County, Joseph Panattoni, Prosecutor, and Gerald S. Porter, Clerk, Superior Court of Kittitas County, Kittitas County, et al., Appellees.
 No. 18261.
 United States Court of Appeals Ninth Circuit.
 February 18, 1963.
 Rehearing Denied March 19, 1963.
 
 Richard Eugene Sires, in pro. per.
 No appearances for appellee.
 Before HAMLEY, BROWNING and DUNIWAY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Eugene Sires sought leave to file a complaint in forma pauperis purporting to allege a cause of action for damages under the Civil Rights Act (42 U.S.C. §§ 1981, 1983, 1985, 1987 and 1988) and naming as defendants a Judge and the Clerk of the Superior Court of the State of Washington for Kittitas County, and the Prosecuting Attorney of that county. The motion was denied on the ground that the action is frivolous. Plaintiff appeals. Appellees have made no appearance in this court.
 
 
 2
 The gist of appellant's claim against appellees, as alleged in his complaint, is that they failed to acknowledge, file, or act upon a petition for a writ of habeas corpus which he forwarded to them on June 4, 1962. Sires is in the custody of the warden of Walla Walla State Penitentiary situated in Walla Walla County, Washington, pursuant to a judgment of conviction and sentence entered in a court of that state.
 
 
 3
 Under the law of the State of Washington the Superior Court of the State of Washington for Kittitas County did not have jurisdiction to entertain Sires' petition for a writ of habeas corpus because he was not in custody in that county. In re Conway v. Cranor, 37 Wash.2d 303, 223 P.2d 452. Appellant argues that Conway was erroneously decided in view of Article I, Section 6 of the Washington State Constitution, RCW 7.36.040, and prior decisions. But the most recent Supreme Court decisions of that state, construing the constitution and statutes of that state and determining matters of state court jurisdiction, are binding upon the federal courts.
 
 
 4
 Being without jurisdiction to entertain the petition for a writ of habeas corpus, the named officials violated no provision of the Civil Rights Act in failing to do so. The district court correctly determined that the action is frivolous and ought not to be pursued at public expense.
 
 
 5
 Affirmed.