Douglas STILTNER, Appellant,

v.

B. J. RHAY, Superintendent, Washington State Penitentiary, Walla Walla, Washington, Appellee.

No. 18397.

United States Court of Appeals
Ninth Circuit.

Sept. 9, 1963.

Douglas Stiltner, in pro. per.

John J. O'Connell, Atty. Gen., and Ralph Olson, Asst. Atty. Gen., for State of Washington, Olympia, Wash., for appellee.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

1. "There is no federally protected right of a state prisoner not to work while imprisoned after conviction, even though that conviction is being appealed" (Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963)); and since appellant alleged no more the District Court properly dismissed his action under the Civil Rights Act (42 U.S.C.A. § 1983).

No reversible error is presented by the denial of appellant's various motions *pendente lite* seeking relief from restrictions allegedly imposed by prison authorities upon his access to legal materials and to the courts. To the extent these motions sought relief with respect to the action in which they were filed, it is clear denial did not prejudice appellant. His presentations in the court below (as in this Court) were timely and full, and in any event Draper v. Rhay presented an insurmountable legal obstacle to his success on the merits.[1]

2. The District Court did not err in concluding that appellant's second civil complaint was "frivolous" and in denying leave to file the complaint in forma pauperis on that ground.[2]

The complaint sought damages from the State of Washington and the Sheriff of Yakima County, Washington, for allegedly holding appellant in solitary confinement for a period of thirty-six days in violation of statutory provisions of the State of Washington which, as appellant reads them, vest in the Superior Courts of the State exclusive power to order solitary confinement of persons in State custody (Rev.Codes of Wash. § 10.-64.060), and limit the permissible length of such disciplinary confinement to twenty days (Rev.Codes of Wash. § 36.63.-140). These averments, relating entirely to a violation of rights assertedly conferred by statutes of the State, were not sufficient to allege a cause of action under the Civil Rights Act (42 U.S.C.A. § 1983), which protects only rights secured by the Constitution and statutes of the United States.[3]

---

1. For the latter reason, it is also unnecessary to examine other interlocutory rulings of the District Court of which appellant complains.

2. Sires v. Cole, 314 F.2d 340, 341 (9th Cir. 1963). See also Reece v. Washington, 310 F.2d 139, 140 (9th Cir. 1962); Wright v. Rhay, 310 F.2d 687 (9th Cir. 1962) (" * * * the District Court was authorized to deny leave to proceed in forma pauperis at the outset if it appeared from the face of the proposed complaint that the action was frivolous"); John v. Gibson, 270 F.2d 36, 39 (9th Cir. 1959).

3. See e. g., O'Connor v. O'Connor, 315 F.2d 420, 422 (5th Cir. 1963); Draper v. Rhay, 315 F.2d 193, 197–98 (9th Cir. 1963); Reece v. Washington, 310 F.2d 139 (9th Cir. 1962); Cohen v. Norris,

Although this complaint also contained general allegations that appellant's jailers had refused to mail legal documents (other than letters) to the courts during the thirty-six days of solitary confinement,[4] the only specific allegation related to a refusal to mail "legal documents into Federal Court by a deadline * * *." As we have noted, the file available to the District Court demonstrated that appellant's filings in that court, as in this, were comprehensive and timely, and that the allegation was therefore frivolous. Draper v. Rhay, supra, 315 F.2d at 197.

3. However, the District Court erred in denying appellant leave to file a third amended complaint in forma pauperis, on the ground that it was no more than a "restatement of the allegations contained in the original complaint herein."

■ It is true that the allegations of this third complaint were largely repetitious of those in appellant's prior complaints, or were of the same general nature and defective for the same reasons. However, under the heading "Complaint No. Four," appellant alleged that named officials of the county jail at Yakima, Washington, during a specified period, "refused to mail any legal papers to any Court" for appellant, and that appellant's petition for habeas corpus "in the Supreme Court of Washington in Cause No. 36217, was denied because [appellant] could not submit any briefs."

■■ We find no comparable allegation in appellant's prior pleadings, and

the cause of action sought to be alleged was not frivolous on its face. "Reasonable access to the courts is * * * a right * * * guaranteed as against state action by the due process clause of the fourteenth amendment." This includes, specifically, "right of access by state prisoners to state courts;" and a deprivation of this right is therefore actionable under the Civil Rights Act. Hatfield v. Bailleaux, 290 F.2d 632, 636 (9th Cir. 1961). See also Spires v. Bottorff, 317 F.2d 273, 274 (7th Cir. 1963); Note, Constitutional Rights of Prisoners: The Developing Law, 110 U.Pa.L.Rev. 985, 987–92 (1962).[5] Indeed, reasonable access to the courts is basic to all other rights protected by the Act, for it is essential to their enforcement.

■ The judgment must therefore be reversed.

It does not necessarily follow that the motion for leave to proceed in forma pauperis must be granted. As noted, leave to proceed in forma pauperis may be denied if the Court is satisfied that the action is frivolous. (See note 1.) It may appear from records of the Supreme Court of Washington, applicable principles of Washington law, or other matters properly brought to the District Court's notice (Lambert v. Conrad, 308 F.2d 571, 572 (9th Cir. 1962);[6] Sires v. Cole, 314 F.2d 340, 341 (9th Cir. 1963)), that although a cause of action is formally alleged the proceeding is nonetheless frivolous.

---

300 F.2d 24, 30 (9th Cir. 1962); Ass'n for Preservation of Freedom of Choice v. Simon, 299 F.2d 212, 214 (2d Cir. 1962); United States v. Ragen, 237 F.2d 953, 957 (concurring opinion) (7th Cir. 1956); Ortega v. Ragen, 216 F.2d 561 (7th Cir. 1954). See also Screws v. United States, 325 U.S. 91, 104, 108–109, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).

4. Perhaps because of the sensitivity of the courts to the potential for abuse in this type of proceeding, "general conclusionary allegations unsupported by facts have consistently been rejected as insufficient to constitute a cause of action under the Civil Rights Act." Hoffman v. Halden, 268 F.2d 280, 294 (9th Cir. 1959). See

e. g., United States v. Bolsinger, 311 F.2d 215, 216 (3d Cir. 1962).

5. That prisoners in state custody are within the protection of the Civil Rights Act, see also Weller v. Dickson, 314 F.2d 598, 601 (9th Cir. 1963); Pierce v. La Vallee, 293 F.2d 233 (2d Cir. 1961); cf. Sewell v. Pegelow, 291 F.2d 196, 198 (4th Cir. 1961) (District of Columbia). The latter two decisions are cited with apparent approval in United States v. Muniz, 374 U.S. 150, 164 n. 25, 83 S.Ct. 1850, 1858, 10 L.Ed.2d 805 (1963).

6. See also United States ex rel. Pavloc v. Chairman of Board of Parole, 81 F.Supp. 592, 593 (W.D.Pa.1948), aff'd, 175 F.2d 780 (3d Cir. 1949).

We may add, however, that we think there is merit in the suggestion of the Court of Appeals for the Tenth Circuit that, in most cases, the preferable procedure for the District Court to follow is to grant leave to proceed in forma pauperis if the requirements of 28 U.S. C.A. § 1915(a) are satisfied on the face of the papers submitted, and dismiss the proceeding under 28 U.S.C.A. § 1915(d) if the court thereafter discovers that the allegation of poverty is untrue or the action is frivolous or malicious. Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962), and cases there cited. See also United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105, 107 (7th Cir. 1953). This procedure is more likely to result in the development of an adequate record.

Reversed and remanded for further proceedings.