James RICHEY, Appellant,

v.

Walter H. WILKINS, Warden, Attica State
Prison, and Paul D. McGinnis, Commis-
sioner of Correction, Appellees.

No. 436, Docket 28155.

United States Court of Appeals
Second Circuit.

Argued April 22, 1964.

Decided July 21, 1964.

of the State of New York against prison officials, charging such officials with having subjected the plaintiff to religious persecution and thereby having deprived him of rights secured to him under the First and Fourteenth Amendments to the United States Constitution. The appeal is taken from a denial below of plaintiff's application for leave to proceed with his suit *in forma pauperis*.

On November 3, 1961, appellant James Richey filed with the United States District Court for the Western District of New York an application for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, in a civil rights suit under 42 U.S.C. § 1983. In his complaint, which was accompanied by the affidavit of financial inability required by 28 U.S.C. § 1915, appellant, who was at the time a prisoner in Attica State Prison in the Western District of New York, alleged that he, an adherent to the Muslim religion, was being deprived by prison officials of his right freely to worship. More specifically, appellant charged in his complaint that inmates of his faith at Attica, unlike inmates of other faiths there, were being denied the right to hold and attend group services, were being denied access to a minister of their faith, were restricted in their purchase of literature about their religion to literature on an approved list arbitrarily drawn up by prison officials, and were being subjected to various punishments and persecutions solely because of their religious beliefs. In an order dated November 28, 1961, the district judge, though conceding that the complaint stated a valid cause of action, denied appellant's motion for leave to proceed *in forma pauperis*, on the sole ground that similar actions by two other inmates of Attica were then pending in the court, and appellant's rights could be adequately protected by adjudication in those suits.

Following this adverse decision, appellant took no further steps to press his cause until June 27, 1962, when he filed with the district court an "Application for Admission to be Heard on Originl [sic] Petition of Complaint," accom-

Edward J. Daus, of Corcoran, Kostelanetz & Gladstone, New York City, for appellant.

Louis J. Lefkowitz, Atty. Gen. of New York (Philip Kahaner, Ronald J. Offenkrantz, Asst. Atty. Gen., of counsel), for appellees.

Before LUMBARD, Chief Judge, and WATERMAN and MARSHALL, Circuit Judges.

WATERMAN, Circuit Judge:

This appeal involves a suit under the federal Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1343, sought to be brought *in forma pauperis* by a prisoner

panied by supporting papers identical to those which appellant had previously submitted in his original application for leave to proceed *in forma pauperis*. Appellant's renewed interest in his case may well have been spurred by the fact that our Court, one month earlier, had handed down an order dealing with lower court denials of other Attica Muslim inmates' *in forma pauperis* petitions in civil rights suits, in which it was held that the pendency of similar actions for like relief was an insufficient reason for denial of the petitions. Walker v. McGinnis, 2 Cir., May 16, 1962, Docket No. 27572. On July 23, 1962, the district judge denied this second of appellant's applications on the ground that appellant's intervening transfer to Clinton State Prison at Dannemora, in the Northern District of New York, had rendered the question of discriminatory practices at Attica moot as to him.

On or about August 14, 1962, appellant, proceeding *pro se* as he had in the past, filed with our court a notice of appeal from the July 23, 1962 order, a motion for leave to appeal *in forma pauperis*, and a relevant affidavit of service. Appellant filed no notice of appeal in the district court, as required by Rule 73(a) of the Federal Rules of Civil Procedure and by 28 U.S.C. § 2107. On March 27, 1963, on motion of appellant, we ordered that a certificate of probable cause issue, that appellant be permitted to pursue his appeal *in forma pauperis*, and that counsel be assigned appellant for the appeal. We also subsequently granted assigned counsel's request to appeal on the original record, but did so with the reservation that this ruling would not prevent the making of further motions by appellees.

Before we may undertake a consideration of the merits of appellant's claim that the court below erred in denying him leave to proceed *in forma pauperis*, we must deal with several procedural issues which appellees have raised by a motion to dismiss the appeal. In this connection, candor compels us to note at the outset that, mindful as we are of the advantages to the efficient administra-

tion of justice which may be secured through requiring dutiful adherence to established procedural rules by those who would appeal to this Court, we believe that where, as here, the appellant is an apparently indigent lay prison inmate who had attempted to proceed without the aid of counsel, to require that an appeal be perfected with too great a degree of technical precision is to risk the working of serious injustice for no sound reason.

Appellees' first argument in support of their motion to dismiss is that, as appellant had taken no steps of any kind to appeal from the November 28, 1961 order of the court below, appellant can only be attempting to appeal from the order of July 23, 1962, and as this order was no more than a denial of a motion for reargument, no appeal can lie from it. We cannot accept this characterization by appellees of the second proceeding before the district judge and the order which issued therefrom. Appellant in that proceeding filed supporting papers with the district court identical to those which had accompanied his initial petition for leave to proceed *in forma pauperis*, and the court, far from treating the second application as a simple motion for reargument, examined the merits of appellant's renewed request to proceed *in forma pauperis* and denied it on grounds completely different from those which he had cited in his earlier order. Moreover, when the district judge also denied in his second order appellant's additional request for leave to appeal *in forma pauperis*, he indicated his belief that an appeal would lie from his ruling by stating that this portion of the order was not to bar appellant from petitioning the Court of Appeals for leave to appeal his case *in forma pauperis*. Of course, nothing prevented appellant from filing with the district court a second application for relief identical to that which he had before requested, namely, leave to press a civil rights suit *in forma pauperis*, and we think it wiser under the circumstances to treat appellant's second application, as did the court below, as

just that. That being the case, the order which the court issued on July 23, 1962 was not a denial of a motion for a rehearing of the decision of November 28, 1961; it was just as appealable as the order which denied appellant's first request for leave to proceed in the district court *in forma pauperis*. Cf. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942); Bowman v. Lopereno, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177 (1940).

▮ Appellees cite as a second ground for dismissal of the appeal the failure by appellant to comply with the provisions of Rule 73(a) of the Federal Rules of Civil Procedure and with 28 U.S.C. § 2107. Rule 73(a), which is designed to implement 28 U.S.C. § 2107, requires an unsuccessful district court litigant who desires to appeal to file, within a given period of time which in this case is 30 days, a notice of appeal in the district court from which the appeal is to be taken. Though appellant did file a notice of appeal within the 30 day period, he mistakenly filed it with the Court of Appeals rather than with the district court, and thereby failed to fulfill the exact requirements of Rule 73(a). In our judgment, however, to deny this appellant an opportunity to appeal from the decision below because of his failure to comply with one aspect of a scheme of procedural requirements with which he was unfamiliar, a failure which did not prejudice appellees and which nothing in the record suggests resulted from anything other than a good faith error on his part in attempting to comply, would be to subject appellant to very serious hardship to no useful end.

In Reconstruction Finance Corporation v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L. Ed. 364 (1941), petitioners, in attempting to appeal to this Court from certain compensation orders entered in the district court, had filed notices of appeal in the district court in reliance upon a then apparently controlling decision in this Circuit. Before final decision on the appeals, however, the Supreme Court of the United States ruled that in such cases applications for leave to appeal had to be filed with the relevant Court of Appeals, and petitioners' appeals were accordingly dismissed by this Court for failure to comply with this procedural requirement. The Supreme Court reversed, stating:

"The procedure followed by petitioners was irregular. Normally the Circuit Court of Appeals would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient. But the defect is not jurisdictional in the sense that it deprives the court of power to allow the appeal. The court has discretion, where the scope of review is not affected, to disregard such an irregularity in the interests of substantial justice. * * In this case the effect of the procedural irregularity was not substantial. The scope of review was not altered. There was no question of the good faith of petitioners, of dilatory tactics, or of frivolous appeals. * * * The failure to comply with statutory requirements * * * is not necessarily a jurisdictional defect." 311 U.S. at 582–583, 61 S.Ct. at 333.

Some time after the decision in the Prudence Securities Advisory Group case, this Court, while explaining the minimum requirements for the perfection of an appeal, had occasion to discuss that case, and other cases, involving the filing of a notice of appeal in the wrong court. Federal Deposit Ins. Corp. v. Congregation Poiley Tzedeck, 159 F.2d 163 (2 Cir. 1946). Writing for the majority, Judge Learned Hand, dismissing an appeal where a notice had merely been served on an adverse party and had been filed in no court whatsoever, stated that "some paper must be filed in at least one court or the other, to constitute a notice of appeal under Rule 73(a)," and averred that "[t]he least requirement, which will be tolerable, is that some paper shall be accessible in the records of a court upon which both judges and parties can rely." 159 F.2d at 166. More recently, the

Court of Appeals for the District of Columbia Circuit, in a case strikingly like the one at bar, relied heavily on both of the foregoing cases in holding that an indigent lay defendant's filing of a petition for permission for leave to appeal *in forma pauperis* with the Court of Appeals, which, if filed with the district court where it should have been, would have constituted a valid notice of appeal, was, itself, enough to vest the appellate court with power to hear and determine the appeal. Gerringer v. United States, 213 F.2d 346 (D.C.Cir. 1954). See also Coppedge v. United States, 369 U.S. 438, 442 n. 5, 82 S.Ct. 917, 919, 8 L.Ed.2d 21 (1962), and cases there cited, for an indication of the liberal view which federal courts have taken of papers indigent and incarcerated defendants have filed purporting to be notices of appeal.

In our view these cases provide us with more than ample authority to support our determination that we should hear and decide this appeal, despite a failure by appellant to comply with the letter of Rule 73(a). Appellant's departure from the rule cannot be regarded as having been so great that appellees will be seriously deprived of a substantial right if the appeal is heard. No question exists as to appellant's good faith in attempting to perfect his appeal in the manner he did. Indeed, it appears that appellant may well have been led into error by the lower court's statement, made when it denied leave to appeal *in forma pauperis,* that "This denial does not prevent the plaintiff from applying to the Court of Appeals for the Second Circuit, United States Courthouse, Foley Square, New York City, for a certificate of probable cause and for permission to prosecute an appeal in forma pauperis." While someone more versed in appellate procedure than appellant might have been expected to know that this statement did not apply to the filing of a notice of appeal, it is easy to see how an untrained layman may have unwittingly interpreted this advice by the lower court as an indication that he could, if he desired, perfect his appeal by confining his dealings to the appellate court. Moreover, it is clear that service on appellees of the notice of appeal which was filed with this court sufficiently apprised them that petitioner was attempting to appeal from the district court's order. Both the basic reasons behind the requirement of the filing of a notice of appeal having thus been satisfied, that is, the informing of a court of the taking of an appeal and the serving of notice of such fact on the opposing party, see Federal Deposit Ins. Corp. v. Congregation Poiley Tzedeck, supra, and important reasons existing in this case justifying an overlooking of appellant's insubstantial departure from the regular procedure governing the perfection of appeals, we deny appellees' motion to dismiss this appeal and we move now to a consideration of the merits of this case.

It is quite clear that, according to our decision in Pierce v. LaVallee, 293 F.2d 233 (2 Cir. 1961), as the court below stated in its order denying appellant's first petition, and as appellees have tacitly admitted on appeal, the complaint which appellant filed with his two applications for leave to proceed *in forma pauperis* stated a good cause of action under the Civil Rights Act. Therefore, on its face appellant's proposed complaint met the statutory requirement that an action sought to be brought *in forma pauperis* be not frivolous. Cf. Coppedge v. United States, supra; Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); see Wright v. Rhay, 310 F.2d 687, 688 (9 Cir. 1962) (per curiam), cert. denied, 373 U.S. 918, 83 S.Ct. 1309, 10 L. Ed.2d 418 (1963); Reece v. Washington, 310 F.2d 139 (9 Cir. 1962) (per curiam). It is equally clear that, on the basis of this court's order in Walker v. McGinnis, supra, the ground relied on by the court below in denying appellant's first application, the pendency of like actions by fellow inmates of appellant at Attica, was improper. Thus, appellant having filed the necessary affidavit of poverty under 28 U.S.C. § 1915 and there being no suggestion of its untruth, the lower court's decision to deny appellant leave to appeal constituted an abuse of discretion

unless appellant's transfer from Attica State Prison to Clinton State Prison rendered the matters complained of in his complaint moot as to him. We think that appellant's transfer did not have this effect.

 It is beyond question that a plaintiff suing under the Civil Rights Act may seek money damages as well as injunctive relief, and a right to such damages of course cannot be conditioned upon the plaintiff's being, at the time he brings suit, in a situation where he is subject to further invasions of his rights. Although appellant, in a complaint which had all the earmarks of a pleading drawn up by one unfamiliar with the law, did not expressly ask for money damages, he did request "redress to [sic] the above said religious persecution, and that plaintiff have such other and further relief as justice requires." We think it just under the special circumstances of this case to construe this particular appellant's pleadings more liberally than we would normally construe pleadings of this sort and to rule that appellant's petition did contain a request for the money damages for which provision is made under the Civil Rights Act. Such being the case, appellant was entitled to an adjudication of the allegations contained in his complaint notwithstanding his transfer to a different prison. Moreover, as the court in Pierce v. LaVallee, supra, expressly stated, even where a complaint such as appellant's seeks injunctive relief a transfer of prisons does not render the action moot, because of the chance that the complaining prisoner might be returned to his original place of imprisonment. 293 F.2d at 234. For these reasons, the State of New York's transfer of appellant from Attica to Clinton at some time between the filing of his first and second petitions did not render the action embodied in appellant's complaint moot. We therefore reverse the lower court's denial of appellant's application to proceed *in forma pauperis* and remand with instructions that the application be granted, noting that our examination of the pleadings filed by appellant has con-

vinced us that, if counsel we assigned to appellant on this appeal does not continue to represent him on remand, the lower court should give serious consideration to appointing counsel to represent appellant during further proceedings.

We take this occasion to express our gratitude to assigned counsel who represented appellant upon this appeal ably and eloquently and in keeping with the high tradition of the bar.

Reversed and remanded for further proceedings not inconsistent with this opinion.