962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Delbert H. REIDT, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-15830.
 nited States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delbert H. Reidt appeals pro se the district court's 28 U.S.C. § 1915(d) dismissal of his action brought under the Privacy Act, 5 U.S.C. § 552a(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Reidt brought an action under 5 U.S.C. § 522a(g)[1] to correct the medical records of the United States Public Health Service ("USPHS") to reflect a report and diagnosis of Dr. Lash, one of the doctors that examined him in 1952. Dr. Lash's report indicated that Reidt suffered from severe phobias. The USPHS records only state that Reidt has an inadequate personality with schizoid tendencies. The district court held that Reidt only challenged the conclusion or diagnosis of the USPHS, and did not contend that the USPHS did not consider Dr. Lash's report in its diagnosis. As such, the district court held that Reidt failed to show that the determination was based on records of flawed informational quality, and thus, his claim was not cognizable under the Privacy Act.
 
 
 4
 On appeal, Reidt argues that the district court erred in failing to consolidate his cases. Reidt filed seven cases in the district court based on the facts presented in this action. The relief he seeks from this court with regard to this action is the remand of his action with instructions to the district court to consolidate this action with his other cases.[2] Consolidation is within the broad discretion of the district court. See In Re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir.1987); Fed.R.Civ.P. 42(a). Moreover, we note that the district court considered the seven cases as related cases in a single opinion. We find no error in the district court's decision to treat the cases as related cases. Cf. Adams Apple, 829 F.2d at 1487.
 
 
 5
 Reidt also may be challenging on appeal the district court's dismissal of his complaint as frivolous. Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 1827, 1831 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. Because it is clear from the face of the complaint and from the court's records in the seven related cases that the complaint was frivolous, the district court did not err in dismissing Reidt's action. See id.; Tripati v. First National Bank and Trust, 821 F.2d 1368, 1370 (9th Cir.1987) (district court may review its own records to determine whether given prior actions, plaintiff's claims are frivolous); Stiltner v. Rhay, 322 F.2d 314, 316 (9th Cir.1963), cert. denied, 376 U.S. (1964).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Reidt's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 5 U.S.C. § 552a(g) provides that an individual may bring a claim whenever an agency "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the ... opportunities of, or benefits to the individual that may be made which is adverse to the individual...."
 
 
 [2]
 The seven actions below have generated nineteen separate appeals in this court