967 F.2d 597
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Andre Brigham YOUNG, Petitioner-Appellant,
 No. 90-35695.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided July 7, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Brigham Young, a Washington state prisoner, appeals pro se the district court's denial of leave to file his 28 U.S.C. § 2254 habeas corpus petition without prepayment of the filing fee. We review for an abuse of discretion. Denton v. Hernandez, 69 U.S.L.W. 4346, 4348 (May 4, 1992); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir.1987). We affirm.
 
 
 3
 Under 28 U.S.C. § 1915(a), a district court may grant in forma pauperis status if a litigant is unable to pay the costs of the suit. Nevertheless, the district court may deny leave to proceed in forma pauperis if the action is frivolous. Tripati, 821 F.2d at 1369. A claim is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A district court may dismiss an action as frivolous if it arises from the same series of events and alleges the same facts as another action filed by the same party. See Tripati, 821 F.2d at 1370. The district court may review its own records to determine whether, given previous court documents, the party's claims are redundant. Stiltner v. Rhay, 322 F.2d 314, 316 (9th Cir.1963), cert. denied, 376 U.S. 920 (1964).
 
 
 4
 Young lodged his habeas petition in the district court on March 15, 1990. He also submitted an affidavit in support of his motion for leave to proceed in forma pauperis ("IFP") in compliance with a prior prefiling order dated May 31, 1989. In his affidavit, Young alleged that he was indigent, his claims were not frivolous, and he was convicted only because he is black and the judicial system is racist. On April 24, 1990, the district court denied Young leave to proceed IFP on the ground that his attacks on his conviction were
 
 
 5
 presented in previous petitions, and denied by this court. Petitioner fails to show cause ... why he should be permitted to pursue his claims at public expense. To the contrary, petitioner's affidavit demonstrates his willingness to pursue themes which have no arguable basis in law, and his intent to seek redress of issues raised and determined in previous actions.
 
 
 6
 The district court did not abuse its discretion by denying Young leave to proceed IFP on the ground that Young's petition raised claims raised in prior petitions. See Tripati, 821 F.2d at 1370.
 
 
 7
 In his brief on appeal, Young asserts that he enclosed the $5 filing fee when he mailed his habeas petition and that the fee was not returned when the district court returned his documents to him. It is clear from the district court record, however, that Young did not submit the filing fee with the habeas petition that is the subject of the appeal. In his affidavit in support of his motion to proceed IFP, Young stated that he was indigent and that if he "were able ... he would ... gladly pay the filing fee." He further stated that because he "owns virtually nothing in assets ... and owes in excess of $175,000 in debts ... [i]t is unjust ... that Affiant be required to pay a filing fee." Accordingly, we can grant no relief in this appeal regarding the $5 filing fee.
 
 
 8
 In his brief, Young also states that he does not have adequate access to a law library because he is given only 30 minutes access twice a week. Because this claim was not raised in the district court, we do not consider it. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Young's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3