**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| ROBERT D. GROTT, | No. 59777-2-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Respondent. | |

MAXA, J. – Robert Grott appeals the superior court's denial of his petition for a writ of habeas corpus without a hearing. Grott contends that the denial without a hearing violated a habeas corpus statute, RCW 7.36.120.

We hold that the superior court did not err when it denied Grott's petition for a writ of habeas corpus without a hearing because the petition was filed in the wrong county. Therefore, the court did not have jurisdiction over the petition under article IV, section 6 of the Washington Constitution. Accordingly, we affirm the superior court's denial of Grott's petition for a writ of habeas corpus.

FACTS

Grott currently is serving a sentence of 603 months pursuant to a second degree murder and seven first degree assault convictions. Grott is incarcerated at Stafford Creek Corrections Center in Aberdeen, which is located in Grays Harbor County.

In February 2024, Grott filed a petition for a writ of habeas corpus identifying the State of Washington as the defendant. The petition stated that Grott was being restrained by Jason Bennett at Stafford Creek. The petition was filed in Pierce County Superior Court.

The superior court considered the petition for a writ of habeas corpus without oral argument and denied the petition.

Grott appeals the superior court's denial of his petition for a writ of habeas corpus.

ANALYSIS

Grott argues that the superior court violated RCW 7.36.120 by denying his petition for a writ of habeas corpus without holding a hearing. The State argues that the superior court correctly denied the petition because Grott filed it in the wrong county and the Pierce County Superior Court lacked subject matter jurisdiction in this case. We agree with the State.

RCW 7.36.010 states, "Every person restrained of his or her liberty under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." RCW 7.36.120 states, "The court or judge shall thereupon proceed in a summary way to hear and determine the cause, and if no legal cause be shown for the restraint or for the continuation thereof, shall discharge the party."

However, article IV, section 6 of the Washington Constitution defines the jurisdiction of superior courts. It states that "Said courts and their judges shall have power to issue. . . writs of habeas corpus, on petition by or on behalf of any person in actual custody in their respective counties." When a superior court receives a petition for a writ of habeas corpus from a petitioner outside of its jurisdiction, it must deny the petition for a lack of subject matter jurisdiction. *See Conway* v. *Cranor,* 37 Wn.2d 303, 304-05, 223 P.2d 452 (1950) (holding that where a prisoner was held in custody in Walla Walla, the only superior court having jurisdiction over a habeas

petition was in Walla Walla County); *see also Dress v. Dept. of Corrections*, 168 Wn. App. 319, 332, 279 P.3d 875 (2012) (under article IV, section 6, "habeas corpus petitions must be brought in the county in which a petitioner is in custody").

Grott filed his petition for a writ of habeas corpus when was serving his sentence in Stafford Creek Corrections Center, located in Grays Harbor County. But he filed his petition in Pierce County Superior Court rather than in Grays Harbor County Superior Court. Because the Pierce County Superior Court lacked subject matter jurisdiction, the court correctly denied the petition without a hearing.

Accordingly, we hold that the superior court did not err in denying Grott's petition for a writ of habeas corpus.

## CONCLUSION

We affirm the superior court's denial of Grott's petition for a writ of habeas corpus.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
CRUSER, C.J.

_____
VELJACIC, A.C.J.