NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DESIREE DAWN MCGUIRE; CADENCE DEVAULT,

Plaintiffs-Appellants,

v.

ROSEVILLE JOINT UNION HIGH SCHOOL DISTRICT, Nonprofit Public Benefit Corporation; et al.,

Defendants-Appellees.

No.    23-16169

D.C. No.
2:22-cv-00125-TLN-JDP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted January 6, 2026[**]
San Francisco, California

Before:  BENNETT, BADE, and SUNG, Circuit Judges.

Pro se Plaintiffs, Desiree McGuire and her daughter, Cadence DeVault, appeal

the dismissal of their legal challenge to the Roseville Joint Union High School

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

District's (the "District's") implementation and enforcement of a face-covering requirement during the COVID-19 pandemic. They sued the District; the District Board of Trustees (the "Board"); and several individual defendants, including Board members, the former and interim Superintendents, an Assistant Principal, and the Assistant Principal's secretary (collectively, the "Individual Defendants").

Plaintiffs' First Amended Complaint asserts seventeen causes of action, nine under state law and eight under 42 U.S.C. § 1983 for alleged Fourth, Fifth, and Fourteenth Amendment violations. Plaintiffs bring the federal claims against all Defendants, including the Individual Defendants in both their official and personal capacities. Plaintiffs appeal the district court's order granting Defendants' motion to dismiss the federal claims without leave to amend and declining to exercise supplemental jurisdiction over the state-law claims.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6) and its determination that a party is entitled to sovereign immunity under the Eleventh Amendment. *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927–28 (9th Cir. 2017). We review a district court's dismissal of supplemental state law claims for abuse of discretion. *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1165 (9th Cir. 2002). We affirm.

1.      The district court correctly concluded that the Eleventh Amendment

2

bars Plaintiffs' federal claims for damages against the District, Board, and Individual Defendants in their official capacities. *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251–54 (9th Cir. 1992) (holding that a California public school district was a state agency for the purposes of invoking sovereign immunity under the Eleventh Amendment); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam) ("It is . . . clear that the eleventh amendment . . . [bars] claims in federal court against the state officials in their *official* capacities.").

Plaintiffs' argument that Defendants waived sovereign immunity under the Eleventh Amendment when they accepted federal funds under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, 134 Stat 281 (2020) and the American Rescue Plan Act of 2021, Pub. L. 117-2, 135 Stat. 4, fails because neither statute contains a clear, express statement of abrogation. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786 (1991)).[1]

2.      The Eleventh Amendment does not bar Plaintiffs' claims against the Individual Defendants in their personal capacities. *Pena*, 976 F.2d at 472. Accordingly, we analyze each claim de novo but conclude that the district court

---

[1] Because Plaintiffs clarify on appeal that they are not seeking injunctive relief, we need not consider the district court's conclusion that their requests for prospective injunctive relief would not save the claims from the Eleventh Amendment bar.

correctly dismissed each one for failure to state a claim.[2]

        a.      The district court properly dismissed the substantive due process claim that the District's face-covering requirement violated DeVault's fundamental right to in-person, public education. There is no fundamental right to a public education. *Plyler v. Doe*, 457 U.S. 202, 221, 223 (1982). Thus, we apply rational basis review and ask whether the policy "b[ore] a rational relation to a legitimate government objective." *Kadrmas v. Dickinson Pub. Schs.*, 487 U.S. 450, 461–62 (1988).

The District's face-covering requirement bore a rational relation to the legitimate government objective of protecting the health and safety of the District's students and employees. The California Department of Public Health's ("CDPH's") guidance that appropriate "face coverings" would decrease the risk of COVID-19 infection, and CDPH's directive that all students were "required to wear [appropriate] face coverings at all times, while at school, unless exempted,"[3] bolster this conclusion. Plaintiffs protest that the Board later rescinded its face-covering

---

[2] Because Defendants are state agencies and officials, we analyze the substantive due process claims under the Fourteenth Amendment, not the Fifth Amendment. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005).

[3] The district court properly took judicial notice of the existence of the CDPH guidance and the statements contained in the guidance. *See Plaskett v. Wormuth*, 18 F.4th 1072, 1084 n.6 (9th Cir. 2021) ("We do not take judicial notice of the truth of the factual assertions contained in" documents, "but only of the fact that the parties have *made* these competing representations [in the documents].").

4

requirement, citing, among other reasons, that it was "ill-advised and in opposition to the educational and social-emotional goals of the State and the District."  But this retrospective remark is irrelevant.  The proper inquiry is whether "the [District] *could* have had a legitimate reason for acting as it did" at the time it acted, not whether, with the benefit of hindsight, it would have acted differently.  *Dittman v. California*, 191 F.3d 1020, 1031 (9th Cir. 1999) (quoting *Halverson v. Skagit County*, 42 F.3d 1257, 1262 (9th Cir. 1994), *amended on denial of reh'g* (9th Cir. Feb. 9, 1995)).

b.     The district court properly dismissed Plaintiffs' claim that Defendants violated McGuire's Fourteenth Amendment due process right to determine her child's care, custody, and control.

"Due process does not give parents the right to interfere with a public school's operations because issues such as school discipline, the content of examinations, and dress code are 'issues of public education generally committed to the control of state and local authorities.'"  *McNeil v. Sherwood Sch. Dist. 88J*, 918 F.3d 700, 711 (9th Cir. 2019) (quotation marks omitted) (quoting *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1206 (9th Cir. 2005), *opinion amended on denial of reh'g sub nom.*, *Fields v. Palmdale Sch. Dist.*, 447 F.3d 1187 (9th Cir. 2006)).  Defendants' decision regarding how to enforce the District's face-covering requirement is an operational decision, similar to a school's disciplinary process, that falls within the school's

5

purview. Thus, Plaintiffs have no due process right to interfere with that decision. *See id.* (When parents exercised their "fundamental right" to "determine their child's educational forum" by "voluntarily enroll[ing]" their son at the school, they "accepted [the school's] curriculum, school policies, and reasonable disciplinary measures."); *see also Cal. Parents for the Equalization of Educ. Materials v. Torlakson*, 973 F.3d 1010, 1020 (9th Cir. 2020) ("[W]ith respect to education, parents have the right to choose the educational forum, but not what takes place inside the school."). And Defendants' actions were both reasonable and rationally related to maintaining order while they collected information about DeVault's refusal to comply with the face-covering requirement.[4]

c.      The district court properly dismissed the claim that Defendants deprived DeVault of her Fourteenth Amendment rights under the "state-created danger" doctrine. To succeed on a "state-created danger" claim, Plaintiffs must show that (1) Defendants' "affirmative actions created or exposed [DeVault] to an actual, particularized danger that she would not otherwise have faced"; (2) "the injury she suffered was foreseeable"; and (3) "the officers were deliberately indifferent to the known danger." *Martinez v. City of Clovis*, 943 F.3d 1260, 1271

---

[4] Plaintiffs' contention that they can bring this claim under the Ninth Amendment is unavailing. *See Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) ("[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim.").

(9th Cir. 2019).

Plaintiffs cannot show that Defendants created or exposed DeVault to "an actual, particularized danger" when they instructed her to wear an appropriate face covering. Plaintiffs do not dispute that DeVault had no documented medical condition that would have prevented her from safely wearing an appropriate face covering. And her expressed discomfort wearing one does not rise to the level of "danger." Indeed, the District implemented the face-covering policy in compliance with CDPH guidance indicating that the measure would *promote* student safety. Further, the fact that Defendants gave DeVault the alternative option of attending school remotely undermines any claim that they deliberately endangered her.

d. The district court correctly dismissed Plaintiffs' claim that Defendants violated DeVault's Fourth Amendment rights by confiscating her phone for thirty minutes. In the school context, the Fourth Amendment requires school officials' search or seizure to be "justified at its inception" and "reasonably related to the objectives of the search [or seizure] and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." *New Jersey v. T.L.O.*, 469 U.S. 325, 342 (1985). We agree with the district court's analysis: even if a seizure did occur, it did not violate the Fourth Amendment because Defendants "had a reasonable interest in maintaining order as they spoke with DeVault's mother on the phone and obtained a written statement from DeVault," and the seizure was not

excessively intrusive.

e. Plaintiffs' remaining arguments are unavailing. The claim that Defendants deprived DeVault of equal protection of the laws by denying her access to an in-person public education does not implicate any fundamental right or suspect classification and is thus subject to rational basis review. *See Hooks v. Clark Cnty. Sch. Dist.*, 228 F.3d 1036, 1041 (9th Cir. 2000). As explained, the District's face-covering requirement is rationally related to a legitimate governmental interest. Plaintiffs also appear to argue that the District's face-covering requirement violated their fundamental right to privacy. But we recently upheld a more intrusive public-school policy intended to promote students' health and safety during the COVID-19 pandemic—a vaccination requirement—as constitutional. *See Health Freedom Def. Fund, Inc. v. Carvalho*, 148 F.4th 1020, 1023 (9th Cir. 2025) (en banc).

Plaintiffs also assert violations of various federal laws that do not regulate Defendants' conduct. *See* 5 U.S.C. § 701(b)(1) (The Administrative Procedure Act pertains only to "authorit[ies] of the Government of the United States."); 45 C.F.R. § 46.101 (the regulation applies only to those conducting research "subject to regulation by any Federal department or agency"); 21 U.S.C. § 360bbb-3(e)(1)(A)(ii) (regulating the conduct of the Secretary of Health and Human Services). Plaintiffs point to various California statutes to support their federal claims, but alleged violations of state statutes are insufficient "to allege a cause of

action under the Civil Rights Act (42 U.S.C.A. § 1983)." *Stiltner v. Rhay*, 322 F.2d 314, 315 (9th Cir. 1963).

Lastly, Plaintiffs allege that certain Individual Defendants are liable in their supervisory capacities for the alleged constitutional violations. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (direct supervisory liability); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (supervisory policy theory); *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021) (failure-to-train theory). But because Plaintiffs fail to sufficiently allege any constitutional violations, their supervisory liability claims predicated on these alleged violations also fail.

3.	"Because the district court did not err" when it dismissed the federal claims, "it did not abuse its discretion in dismissing the state-law claims." *Bryant*, 289 F.3d at 1169 (citing 28 U.S.C. § 1367(c)(3)).

**AFFIRMED.**