**TAYLOR v. STEELE et al.**

No. 14372.

United States Court of Appeals
Eighth Circuit.

Oct. 9, 1951.

See also, 182 F.2d 473.

H. Jackson Daniel, Jefferson City, Mo., appointed by the Court (Salkey & Jones, St. Louis, Mo., on the brief) for appellant. Appellant, also, submitted a brief pro se.

Fred L. Howard, Asst. U. S. Atty., Kansas City, Mo. (Sam M. Wear, U. S. Atty., Kansas City, Mo., on the brief), for appellees.

Before SANBORN, THOMAS, and COLLET, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from an order denying a petition of the appellant, an indigent federal prisoner, for leave to commence in forma pauperis a civil action for damages against the Warden of the United States Medical Center for Federal Prisoners at Springfield, Missouri, and members of his staff, upon the grounds that appellant's transfer by the Attorney General to that institution was illegal, that the appellees are therefore liable for false imprisonment, and that they have subjected appellant to medical treatment without his consent.

This Court appointed counsel to represent the appellant on this appeal. His counsel

has, by brief and oral argument, done all that is humanly possible to make it appear that the appellant in his proposed complaint has stated a meritorious claim against the appellees, and should have been permitted to proceed against them in forma pauperis.

For the purposes of this appeal we assume, without deciding, that the order appealed from is appealable and that the complaint which was attached to the appellant's petition was not subject to dismissal for insufficiency of statement. It is our opinion, however, that this appeal is without merit and that the District Court did not abuse its discretion in refusing to permit the appellant to commence in forma pauperis an action for damages against the appellees. We find nothing in Section 1915, Title 28, U.S.C.A. which requires a District Court to permit a federal prisoner to sue in forma pauperis those in whose custody he has been placed by the Attorney General for confinement and medical care.

The order appealed from is affirmed.