**James G. CAREY, Appellant,**

v.

**Dr. Russell O. SETTLE, Appellee.**

**No. 17664.**

United States Court of Appeals
Eighth Circuit.

Oct. 15, 1965.

James G. Carey, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and Herbert W. Titus, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before JOHNSEN, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

JOHNSEN, Circuit Judge.

The appeal is from an order of the District Court denying appellant leave to proceed in forma pauperis with an action filed by him to recover the sum of $92.-89 from Dr. Settle, former warden of the Medical Center for Federal Prisoners, Springfield, Missouri.

Appellant is now a prisoner of the State of Michigan, but he had been an inmate of the Springfield Medical Center, and the claim asserted was for a pecuniary loss alleged to have been occasioned to him during Dr. Settle's wardenship.

What appellant sought to recover was the amount paid by him to the University of California for two extension courses, which he says the authorities of the Medical Center permitted him to purchase, but wrongfully deprived him of the opportunity to complete, and thus caused him to lose his cost or investment.

From the filed papers, it appears that appellant enrolled for the two courses in June, 1960, with a two-year limitation being placed by the University upon their completion. Appellant finished three assignments in one course and eleven in the other, with the last assignments sent in by him in both courses being in June, 1961. The diligence which he applied to "the pursuit of his education" during that period is described by him as having consisted in his remaining in his cell and devoting "every minute of the day from the time the lights went on until they went out, taking time out only to shower twice weekly and to eat his meals". Such application was possible on his part, he says, only because he was allowed to keep in his cell the seven textbooks furnished with the courses and five other personal books which he had and desired to use for reference purposes.

Ultimately, however, "[s]ome time during the month of July, 1961, after having declined countless invitations from the guards to leave his cell more often and participate in the recreation program of that section of the institution (which consisted of a chinning bar and seven hard-rubber horse shoes), the plaintiff was notified that under the provisions of a new committee action, promulgated that morning, prisoners were forbidden to keep more than five books in their cells". This, he alleges, made it impossible for him to continue with his courses, and he was later notified that all of the books would have to be mailed out of the institution or destroyed as constituting a fire hazard.

We are unable to see in this any such debatability of confinement control or penal consequence as to cause the institutional rule or regulation complained of to present a justiciable question on lawful administration of appellant's sentence. Thus, there is no room to regard the District Court as having abused its discretion in denying appellant leave to proceed with his action in forma pauperis.

Prisoners will not lightly be permitted to use 28 U.S.C.A. § 1915(a) to institute suits for damages or injunction against the officials in whose custody they have been placed for confinement. Taylor v. Steele, 8 Cir., 191 F.2d 852, 853. Such actions are too frequently mere outlets for general discontent in having to undergo penal restraint or of personal satisfaction in attempting to harass prison officials. A court therefore should be satisfied that there exists substantiality as to such a claim, of jus-

ticiable basis and of impressing reality before it permits a prisoner to maintain an action therefor on in-forma-pauperis privilege. Weller v. Dickson, 9 Cir., 314 F.2d 598, 601–602 (concurring opinion).

Only in a rare and exceptional situation has there been or can there be made to appear such clear substantiality of justiciable basis and of impressing reality as to entitle a prisoner's claim on institutional treatment to be so asserted. Cf. Harris v. Settle, 8 Cir., 322 F.2d 908, 910. Such a situation will ordinarily involve regulation, discipline, or discrimination of such character or consequence as to shock general conscience or to be intolerable in fundamental fairness, and so to amount to illegal administration of prison sentence. Cf. Roberts v. Pegelow, 4 Cir., 313 F.2d 548, 550–551. It can, of course, be possible for there to be form or extent of institutional treatment which can offend the Eighth Amendment.

So far as the situation here is concerned, the District Court, as indicated, was warranted in regarding the interrupting of appellant's total application to and absorption in his correspondence courses, the insisting that he engage in some participation in institutional recreation program, the prohibiting of his keeping more than five books in his cell, and the directing, when he thereupon asserted that he would be unable under these conditions to keep up his studies and apparently ceased his attempts to do so, that he would have to mail his books out of the institution or have them destroyed as a fire hazard, as not presenting such a substantial question on lawful administration of appellant's sentence as to entitle him to be granted in-forma-pauperis leave to maintain suit against the warden.

Since there existed no apparent basis for appellant to have sought preventive relief against the institutional action involved, there would not at all be basis for allowing him to seek damages for alleged loss of value in his correspondence courses therefrom. The taking of a correspondence course by a prisoner, just as the control of his other actions, is subject to regulation for penal institutional purposes, and he cannot dictate either the time, the preoccupation or any other condition which he desires for the pursuit of it. See Numer v. Miller, 9 Cir., 165 F.2d 986.

In view of the result reached, it is not necessary to consider whether the claim was such in its nature that the District Court could, if it had permitted the action to be proceeded with in forma pauperis, have otherwise exercised jurisdiction over it, such as on its amount.

Affirmed.