**James G. CAREY, Plaintiff,**

v.

**Russell O. SETTLE, M.D., Defendant.**

No. 15785-1.

United States District Court
W. D. Missouri, W. D.

Aug. 9, 1966.

James G. Carey, pro se.

F. Russell Millin, U. S. Dist. Atty., William A. Kitchen, Asst. U. S. Dist. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Plaintiff seeks to recover $92.89, the amount he allegedly paid for the purchase of two correspondence courses from the University of California while he was an inmate at the United States Medical Center for Federal Prisoners at Springfield, Missouri. He alleges that defendant deprived him of the use of books necessary for the courses and that he thus suffered damages.

An identical complaint was before Chief Judge William H. Becker in Carey v. Settle, W.D.Mo.Civ.Act. No. 4-63 Misc., March 23, 1964, in connection with which plaintiff sought leave to proceed *in forma pauperis*. Chief Judge Becker refused to permit plaintiff the right to so proceed, concluding "that no substantial question worthy of consideration has been presented."

Carey v. Settle, 8th Cir. 1965, 351 F.2d 483, affirmed Judge Becker's denial. The Court stated that before a court permits a prisoner to proceed *in forma pauperis* it should be satisfied that "there exists substantiality as to such a claim, of justiciable basis and of impressing reality * * *." (351 F.2d at pp

484–485). The Court noted, however, that:

> In view of the result reached, it is not necessary to consider whether the claim was such in its nature that the District Court could, if it had permitted the action to be proceeded in forma pauperis, have otherwise exercised jurisdiction over it, such as on the amount. (351 F.2d at 485).

Plaintiff filed this case by payment of the necessary fees. The question left open on the original appeal must now be answered, namely, whether this Court has jurisdiction over the subject matter of this controversy.

The complaint obviously does not state an amount in controversy that meets the jurisdictional requirements of 28 U.S.C. §§ 1331 and 1332. Jurisdiction must rest on a base other than diversity.

■ Plaintiff contends that 18 U.S.C. § 241, confers jurisdiction. § 241 confers only criminal jurisdiction over one who allegedly conspires to deprive any person of a federal civil right. That section does not create any civil liability or confer any civil jurisdiction. Puigliano v. Stazials, (W.D.Pa.1964) 231 F.Supp. 347; Hanna v. Home Insurance Co., (5th Cir. 1960) 281 F.2d 298; Agnew v. City of Compton, (9th Cir. 1956) 239 F.2d 226; and Copley v. Sweet, (W.D.Mich.1955) 133 F. Supp. 502, aff'd. 7 Cir., 234 F.2d 660, cert. denied 352 U.S. 887, 77 S.Ct. 138, 1 L.Ed. 2d 91.

■ A civil remedy for vindication of federal civil rights violations is provided by 42 U.S.C. § 1983. However, that section applies only to officials acting under color of State law and has no application to actions against federal officials acting under color of federal law. Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1962); Walker v. Blackwell, (5th Cir. 1966) 360 F.2d 66.

Liability of the United States for some acts of its officers and employees is established by the Federal Torts Claim Act, 28 U.S.C. § 2674. Exceptions to such liability are provided in § 2680. At least one, and probably two, of these exceptions are applicable to plaintiff's claim.

Section 2680(a) excepts any claim arising out of an act of an employee of the United States, exercising due care, where that act is the exercise of a discretionary function, whether or not the discretion is abused. See annotation 99 A.L.R.2d 1011.

Under 18 U.S.C. § 4042 the Bureau of Prisons has broad discretionary authority to "provide for the protection, instruction, and discipline" of all federal prisoners. Morton v. United States, (1955) 97 U.S.App.D.C. 84, 228 F.2d 431, cert. denied 350 U.S. 975, 76 S.Ct. 452, 100 L.Ed. 845, is the leading case interpreting the discretionary authority of the Bureau in relation to the exception provided in § 2680(a). Morton was an action by a federal prisoner for alleged abuse by prison officials. The court held:

> Provision for the care, as well as for the protection of persons convicted of offenses against the United States is a function of the Bureau of Prisons [citing 18 U.S.C. § 4042], and to the extent that the allegations charge improper exercise of discretionary functions of the officers or federal agencies involved, they come squarely within the exception quoted [Section 2680(a)].

Morton was cited with approval in United States v. Muniz, 374 U.S. 150, 163, 83 S. Ct. 1850, 10 L.Ed.2d 805 (1963). In the latter case, the Supreme Court held that a federal prisoner could sue the United States for the negligent conduct of prison officials. Such a case would fall outside the exception of Section 2680(a) because the officers allegedly were not "exercising due care". Plaintiff makes no such claim in the case at bar.

Section 2680(h) excepts claims against the United States based on most of the intentional torts, among them, "interference with contract rights." The basis for plaintiff's claim is that the regulation preventing him from having more than five books in his cell interfered with his contractual arrangements with the University. This claim would seem to come

within the exception. None of the cases involving this exception are even remotely analogous to the problem presented here; they involve government interference with business or employment. See Kessler v. General Services Administration, (2nd Cir. 1964) 341 F.2d 275; Dupree v. United States, (3rd Cir. 1959) 264 F.2d 140, cert. denied 361 U.S. 823, 80 S. Ct. 69, 4 L.Ed.2d 67.

■ Because this claim is covered by the exceptions in Sections 2680(a) and (h), this Court has no jurisdiction to hear the claims under 28 U.S.C. § 1346(b).

No other jurisdictional base is pleaded nor does any exist. On our own motion we order that this case be dismissed without prejudice.

It is so ordered.