**James ELLIS, Plaintiff,**

v.

**Mr. J. J. PARKER, Warden, United States Penitentiary, Lewisburg, Pennsylvania, and Dr. Harry W. Weller, Chief Medical Officer, United States Penitentiary, Lewisburg, Pennsylvania, Defendants.**

**Civ. A. No. 9556.**

United States District Court
M. D. Pennsylvania.

Aug. 16, 1966.

James Ellis, pro se.
No appearance for defendant.

MEMORANDUM

FOLLMER, District Judge.

James Ellis, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has submitted a document entitled "Petition for an Order to Show Cause Pursnant to Title 28 U.S.C. Sections 1651(a) and 2201 et. seq., and in the alternative a Civil Suit Pursuant to Title 28 U.S.C. Sec. 2674, and Rule 3 Federal Rules of Civil Procedure."

Ellis moves for an Order to have the "named defendants explain in open court why they are violating the prisoners Civil and Constitutional Rights and denying him right of medical treatment." He further moves for leave to commence a civil action against the defendants for $10,000,000.00 for defying the authority of the Disabled American Veterans, for treating him cruelly and for threatening his life by forcing him into a mental stage of sickness.[1]

---

1. See page 1 of the "Petition".

Essentially, Ellis' allegations are as follows: In 1957, he had an operation in Jackson Michigan Hospital. Since he has been in the Lewisburg Penitentiary, he has received various medical treatment for a certain infection. He was examined, after many complaints, by a specialist who informed Ellis " * * * that he would just have to learn to live with it * * *" ("Petition", p. 4). He further alleges that Dr. Weller will not give him any more medicine and that Warden Parker would not give him an interview in this regard.

Ellis also alleges that he was placed in punitive segregation for " * * * another inmate sucker punching plaintiff. * * *" Ellis was " * * * accused of hitting an officer while fighting and defending himself." ("Petition", p. 5.) He was subsequently placed in punitive segregation, again, for being involved in another fight. He claims that he was placed in punitive segregation because of his persistent attitude toward medical treatment, and not because of the fights as the prison officials stated.

Ellis also claims that in filing a claim with the Disabled Veterans Administration, Dr. Weller informed him that he could fill out the necessary medical forms from Ellis' medical record. Ellis claims he has a right to a complete physical examination.

Ellis claims that jurisdiction is obtained under 28 U.S.C. §§ 1331, 1343, 1346 (b), 1349, 1651, 2201, 2674, 2680; 42 U.S.C. §§ 1983, 1985 and Rule 3 of the Federal Rules of Civil Procedure.

■■ 28 U.S.C. §§ 1331, 1349, 1651, 2201 are clearly inapplicable. 42 U.S.C. §§ 1983, 1985 refer to the deprivation of rights under color of law of any state or territory, not under the color of federal law, thus these statutes are inapplicable. Norton v. McShane, 332 F.2d 855, 862 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965). Accordingly, 28 U.S.C. § 1343 is also inapplicable. However, in United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), the Supreme Court held that a federal prisoner can sue under 28 U.S.C. §§ 1346(b), 2671–2680, to recover damages for personal injuries sustained during confinement in a federal penitentiary, where said injuries were caused by the negligent or wrongful act of a government employee. Thus, it appears that this Court has jurisdiction under the Federal Tort Claims Act. Since Ellis dwells on the Federal Tort Claims Act at the end of his "Petition", it appears that he intended to sue the United States under its provisions.

Under 28 U.S.C. § 1915, a federal court may authorize the commencement of a civil suit. In Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965), it is stated that: "It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis." In Carey v. Settle, 351 F.2d 483, 484–485 (8th Cir. 1965), the Court dealt with the problem of prisoners instituting civil suits against prison officials. In a well reasoned opinion, it is stated:

"Prisoners will not lightly be permitted to use 28 U.S.C.A. § 1915(a) to institute suits for damages or injunction against the officials in whose custody they have been placed for confinement. Taylor v. Steele, 8 Cir., 191 F.2d 852, 853. Such actions are too frequently mere outlets for general discontent in having to undergo penal restraint or of personal satisfaction in attempting to harass prison officials. A court therefore should be satisfied that there exists substantiality as to such a claim, of justiciable basis and of impressing reality before it permits a prisoner to maintain an action therefor on in-forma-pauperis privilege."

The fact that the actions in Smart v. Heinze, supra, and Carey v. Settle, supra, involved suits by state prisoners, does not detract in any manner from the reasoning behind them. The situation in

those cases is completely analogous to the one presented here.

 The allegations as to Warden Parker are completely frivolous. The primary claim against him is that he allegedly refused to give Ellis an interview. There is no showing that this constituted negligence nor that it·contributed to any injuries. In fact, the only "injuries" that Ellis may have suffered is some pain,[2] and Ellis states that a specialist, called in by the penitentiary officials, told him he would have to live with it.

Ellis' claim about mistreatment, by being placed in punitive segregation, is palpably void of any merit. He states that he was involved in a fight on both occasions and admits that he struck an officer during one of the fights. ("Petition", p. 5). It is clear that this involved a matter of prison discipline and administration, in which the courts will not interfere.

The claims against Dr. Weller are that he will not give Ellis the medical treatment that Ellis thinks he needs and that Dr. Weller refused to give Ellis a physical examination in connection with a Disabled Veteran's claim. The claims are patently frivolous. Dr. Weller is a competent physician and Ellis' allegations show that Dr. Weller has even gone to the extent of calling in an outside specialist. The diagnosis of the specialist, a Dr. Lewis, coincided with that of Dr. Weller. Moreover, there is no right to a physical examination in connection with a Veteran's claim. This allegation is completely spurious when it is coupled with the fact that Dr. Weller did agree to complete the claim form from Ellis' medical records.

It must be noted that the entire "Petition" appears to be nothing more than an attempt to harass the named defendants. On page 11 of the "Petition", Ellis refers to Dr. Weller as the " 'Dictator' of Lewisburg." He refers to the administration of the Lewisburg Penitentiary as a "form of servitude of slavery." ("Petition", p. 12). He further states that he is a slave of despotism. Id. In fact, the "Petition" appears to be down right malicious.

It is clear that there is no merit in Ellis' allegations and that any further proceedings thereon would be futile. Accordingly, leave to proceed in forma pauperis will be denied and the "Petition" will be dismissed.

---

2. Ellis does allege that his condition may be turning into malignant cancer." ("Petition", p. 5). However, there are no facts to support this conclusory assertion.