**Gerald Edwin HEFT, Petitioner,**

v.

**J. J. PARKER, Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.**

**Civ. A. No. 9603.**

United States District Court
M. D. Pennsylvania.

Sept. 20, 1966.

Gerald Edwin Heft, pro se.

No appearance for respondent.

## MEMORANDUM

FOLLMER, District Judge.

Gerald Edwin Heft, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has submitted, in forma

pauperis, a document entitled "Petition to Enjoin Cruel and Unusual Punishment." In the petition, Heft requests this Court to enjoin Warden Parker "from inflicting upon petitioner a punitive and insufficient diet," imposed on him while in a "punishment cell."

Petitioner alleges that while he was on punitive status he "was so inadequately fed that, as near as can be estimated petitioner lost weight in the amount of twenty pounds." He claims that this amounts to cruel and unusual punishment. He states that he is now being fed adequately, but that he wants an injunction against being subjected to an inadequate diet in the future.

 It appears that petitioner has failed to exhaust his administrative remedies. "Under the regulations promulgated by the Bureau of Prisons, there is available to all prisoners, the right of the 'Prisoner's Mail Box.' This procedure sets up an effective means of review of actions of local prison authorities." Green v. United States, 283 F.2d 687, 688 (3d Cir. 1960). The administration and control of federal prisons is delegated to the Attorney General and the Bureau of Prisons. 18 U.S.C. §§ 4001, 4042. The Bureau of Prisons has the power of review and such administrative review should be utilized in a case such as this one, that implies an abuse of discretion by the Warden of the Lewisburg Penitentiary.

 It appears that this case involves the internal treatment and discipline of a prisoner. The alleged inadequate diet was served while petitioner was in a "punishment cell." Prison officials have a wide discretion in safeguarding prisoners committed to their custody and it is not the function of courts to superintend the treatment and discipline of prisoners. United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105, 107 (7th Cir. 1953); see Cannon v. Willingham, 358 F.2d 719, 720 (10th Cir. 1966). Moreover, the mere allegation of an inadequate diet with accompanying loss of weight is certainly not enough to constitute cruel and unusual punishment. Finally, the prisoner states that he is being fed adequately at this time, thus rendering the case moot.

As the Court stated in a well reasoned opinion in Carey v. Settle, 351 F.2d 483, 484–485 (8th Cir. 1965):

"Prisoners will not lightly be permitted to use 28 U.S.C.A. § 1915(a) to institute suits for damages or injunction against the officials in whose custody they have been placed for confinement. Taylor v. Steele, 8 Cir., 191 F. 2d 852, 853. Such actions are too frequently mere outlets for general discontent in having to undergo penal restraint or of personal satisfaction in attempting to harass prison officials. A court therefore should be satisfied that there exists substantiality as to such a claim, of justiciable basis and of impressing reality before it permits a prisoner to maintain an action therefor on in-forma-pauperis privilege. * * * "

See Ellis v. Parker, 257 F.Supp. 207 (M. D.Pa., Decided August 16, 1966). This Court is not impresssed with the petition filed in the instant case.

For the reasons stated above, leave to proceed in forma pauperis will be denied and the petition will be dismissed.