Edward **FALLIS**, Petitioner,

v.

UNITED STATES of America, Bureau of Prisons, Lewisburg, Pennsylvania, Respondent.

Misc. No. 555.

United States District Court
M. D. Pennsylvania.

Feb. 9, 1967.

---

## MEMORANDUM

FOLLMER, District Judge.

Edward Fallis, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has submitted a document entitled "Writ of Habeas Corpus," to this Court, and requests leave to proceed in forma pauperis.

He claims that he "is being deprived of his freedom of the institution at Lewisburg due to the fact that he refuses to work in Industry." He also

states that he has told the authorities that he will not work in Industry because of the noise of the various machines and is generally upset about the fact that he has not been reassigned to a place of his choosing. Because of his refusal to work, he has been placed in solitary confinement and administrative segregation which allegedly violates the Fifth, Eighth and Thirteenth Amendments of the United States Constitution.

■■ The first question that must be faced is whether this is a petition for writ of habeas corpus, and if not, under what theory, if any, can Fallis present his claim. It has been the opinion of this Court that claims such as this one, relating to the administration of prisons, are not within the scope of relief intended in a habeas corpus proceeding. See Lowe v. Hiatt, 77 F.Supp. 303, 305 (M.D.Pa.1948). "It is not the function of habeas corpus to direct prison officials in the treatment and care of inmates by mandatory injunction." United States ex rel. Knight v. Ragen, 337 F.2d 425, 426 (7th Cir. 1964), cert. denied. 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277 (1965).[1]

■ However, this does not leave a federal prisoner completely without recourse. 28 U.S.C. § 1361 provides that:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Section 1361 has been used by the Fifth Circuit and this Court in allowing actions by Black Muslims who claim their right to worship has been impaired in federal penitentiaries and who seek affirmative relief. Walker v. Blackwell, 360 F.2d 66 (5th Cir. 1966); Long v. Katzenbach, 258 F.Supp. 89 (M.D.Pa. 1966). Thus this will be considered as a request to commence an action in forma pauperis under 28 U.S.C. § 1361, since

Fallis claims that he is entitled to decide whether he will work or not and the job at which he should be assigned.

It should be noted that this is the third action by Fallis in this court. The first action alleged that his religious freedom had been abridged. That petition was denied. Fallis v. Blackwell, Civil Action No. 8745 (M.D.Pa. Decided March 2, 1965, unreported). The second action, complaining of his medical treatment, was also denied. Fallis v. United States Penitentiary at Lewisburg, Pa., et al., Habeas Corpus No. 677 (M.D.Pa. Decided August 23, 1965, unreported), leave to appeal in forma pauperis denied, C.A.Misc. Record No. 241 (3d Cir. September 23, 1965, unreported).

Fallis is obviously seeking special privileges once again. He does not like to be regimented and wants this Court to inject itself into the administration of the Penitentiary.

■ In Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948), the Supreme Court stated: "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Although this does not mean that the prison authorities have unbridled discretion, it does mean that prisoners will necessarily be deprived of certain privileges. See Note 72 Yale L.J. 506 (1963). In providing for the custody, maintenance, discipline and rehabilitation of prisoners there are necessary and expected deprivations. This is a prison, not a resort hotel.

■ This is not an extreme case which warrants interference by the Court, Lee v. Tahash, 352 F.2d 970, 971 (8th Cir. 1965), but appears to be nothing more than an attempt to harass the officials who are responsible for his custody and the maintenance of the institution. In Heft v. Parker, 258 F.Supp. 507, 508 (M.D.Pa.1966), this Court quoted from

---

1. See Note, 72 Yale L.J. 506, 509–512 (1963).

the opinion of Carey v. Settle, 351 F.2d 483, 484–485 (8th Cir. 1965):

" 'Prisoners will not lightly be permitted to use 28 U.S.C.A. § 1915(a) to institute suits for damages or injunction against the officials in whose custody they have been placed for confinement. Taylor v. Steele, 8 Cir., 191 F.2d 852, 853. Such actions are too frequently mere outlets for general discontent in having to undergo penal restraint or of personal satisfaction in attempting to harass prison officials. A court therefore should be satisfied that there exists substantiality as to such a claim, of justiciable basis and of impressing reality before it permits a prisoner to maintain an action therefor on in-forma-pauperis privilege. * * *' "

In the document filed by Fallis, (pp. 2, 3) he quotes from a memo, apparently sent to him by Mr. Rauch, the Associate Warden, under date of January 9, 1967. The memo clearly shows that the authorities at the United States Penitentiary at Lewisburg have already gone the extra mile. It reads as follows:

" 'I have discussed your case with both the Classification and the Adjustment Committees.

" 'It would appear that you are a very capable worker but you consistently want everything to be handled your way. Your record indicates you have had many quarters and job changes to try to help you and apparently this does not work.

" 'Both Committees recognize that you are capable, however the time has come for you to face the fact that all assignments in the institution cannot be completely trouble-free and it is your decision whether you will participate in the assigned programs or continue to be in segregation.

" 'You mention in your letter that you are a good worker but the fact is not one of your former supervisors has requested that you be reassigned to his section.' "

It clearly appears that Fallis simply refuses to comply with prison regulations. It should not be surprising to him that when he refuses to abide by the rules that some corrective measures may be applied.

■ His claim that under 18 U.S.C. §§ 4162, 4208, he is entitled to choose where he will work and whether he will work is completely frivolous. Section 4162 gives the Attorney General the discretionary power to deduct industrial good time from a sentence and Section 4208 relates to parole eligibility. But, the board of directors of the Federal Prison Industries is directed, under 18 U.S.C. § 4122(b) to "provide employment for all physically fit inmates in the United States penal and correctional institutions". Fallis appears to forget that he committed a crime and that he is now confined in the custody of the Attorney General and the Bureau of Prisons, 18 U.S.C. §§ 4042, 4082, and that it is they, not the prisoners, that administer the penitentiaries.

■ "Where a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises. Lindsey v. Leavy, 9 Cir., 149 F.2d 899. The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute. * * *" Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963), cert. denied, 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963), reh. denied, 375 U.S. 982, .84 S.Ct. 495, 11 L.Ed.2d 429 (1964).

■■ There is no question but that federal prisoners may be required to work in accordance with institution rules. See United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631 (1894). This is not cruel and unusual punishment, double jeopardy or involuntary servitude. His failure to work has resulted in his being placed in administrative segregation. This is entirely consistent with the ,institution's duty to maintain effective prison discipline.

The only "deprivation" that is being contested here is one that is a necessary and expected concomitant of confine-

ment. It is patently clear that there is no "duty owed to the plaintiff" as required to state a cause of action under 28 U.S.C. § 1361. Any further proceedings would be an exercise in futility.

Accordingly, leave to proceed in forma pauperis will be denied and the complaint will be dismissed.