Joseph **FIDTLER**

v.

**A. T. RUNDLE.**

Civ. A. No. 69-2287.

United States District Court,
E. D. Pennsylvania.

Sept. 4, 1970.

Joseph Fidtler, pro se.

Frank P. Lawley, Jr., Deputy Atty. Gen., David W. Rutstein, Atty., Dept. of Justice, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Plaintiff in this pro se action seeks to recover money damages for the "dispossession of a constitutional right." He argues that the defendant, Superintendent of the State Correctional Institution at Graterford, Pa., has forced him into "involuntary servitude" in violation of the Thirteenth Amendment by requiring him to perform physical labor while a prisoner. Plaintiff also alleges that the work he is required to do in the prison laundry, a "sweat box," must be performed "without adequate protection for health or injury to the person." For requiring him to work involuntarily in these conditions, plaintiff seeks the fair market value of his services, which he asserts is $15 per day, for a period beginning June 10, 1969. He claims $1,230.00 compensation and $10,000 punitive damages.[1] Presently before us is defendant's motion for summary judgment, which we ordered heard on briefs.

Defendant correctly argues that since plaintiff does not allege that he is, or was, an unconvicted prisoner at any time he was forced to work by the defendant, plaintiff can only prevail if the conditions under which he is forced to work constitute cruel and unusual punishment. See Fidtler v. Hendrick, 317 F.Supp. 738 (E.D.Pa. filed September 4, 1970). Absent specific allegations of extreme hardship in his working conditions, plaintiff would not state a good claim under the Civil Rights Act, since the bare conclusion that his work in the laundry constituted cruel and unusual punishment would be inadequate. Pugliano v. Stanziak, 231 F.Supp. 347, 349 (W.D.Pa.1964), aff'd, 345 F.2d 797 (C.A. 3, 1965); United States ex rel. Hoge v. Bolsinger, 211 F.Supp. 199 (W.D.Pa.), aff'd, 311 F.2d 215 (C.A.3, 1962), cert. denied, 372 U.S. 931, 83 S.Ct. 878, 9 L.Ed.2d 735 (1963). Moreover, the system of compulsory employment of prisoners in the operation of the institution's laundry, which serves all the inmates, Affidavit of A. T. Rundle ¶ 6, does not by itself constitute cruel and unusual punishment. Fallis v. United States, 263 F.Supp. 780, 783 (M.D.Pa.1967); see Draper v. Rhay, 315 F.2d 193 (C.A. 9, 1963). Since plaintiff has not disputed the defendant's affidavit to the effect that while the laundry is a hot place to work, it is not an unbearable place to work, and that plaintiff has never complained of injuries or damages to his general health as a result of working in the laundry, there is not presently a genuine dispute as to any material facts concerning the working conditions in the laundry or their effect on plaintiff's health. Accordingly we will grant defendant's motion for summary judgment in his favor.

It is so ordered.

---

1. Plaintiff also alleges that the defendant threatened him "with irreparable injury and great bodily harm for which no adequate remedy at law exist (sic)." However, this bare fact does not state a claim under the Civil Rights Act, United States ex rel. Smith v. Heil, 308 F.Supp. 1063 (E.D.Pa.1970) (threats alone not actionable). Moreover, the defendant, in his affidavit ¶ 8, denied ever making any threat to plaintiff, and plaintiff has never controverted this statement. There is thus no issue of material fact on this claim either.