## DAYTON v. HUNTER.
### No. 3874.

United States Court of Appeals
Tenth Circuit.
June 30, 1949.

Rehearing Denied Aug. 8, 1949.
Writ of Certiorari Denied Nov. 21, 1949.
See 70 S.Ct. 184.

Dexter C. Dayton, pro se.

Lester Luther, United States Attorney, Topeka, Kan. (Malcolm Miller, Assistant United States Attorney, Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This was an action instituted in the United States Court for Kansas by Dexter C. Dayton, an inmate of the federal penitentiary at Leavenworth, Kansas, against Walter A. Hunter, warden of such institution. It was alleged in the complaint that plaintiff wrote two letters addressed to a young lady in West Virginia; that the letters were delivered to the defendant for mailing; that the defendant refused to mail them; and that they were returned to plaintiff. And it was further alleged that by refusing to mail the letters, defendant was unlawfully preventing plaintiff from preparing a release plan for submission to the Board of Parole. Copies of the two letters were attached to the complaint. The prayer was that the defendant be enjoined from preventing plaintiff from communicating with the young lady by correspondence, and further that the defendant be enjoined from preventing plaintiff from exercising his statutory right to apply to the Board of Parole for release from prison. The defendant filed a motion to dismiss the action for the reason that the complaint did not state facts on which relief could be granted. The court dismissed the action, and plaintiff appealed.

Appellant lodged in this court a motion to strike the brief of appellee, together with a memorandum in support of the motion. As we understand, it is the contention of appellant that instead of the brief of appellee answering or responding seriatim to the nine points assigned by appellant as error and relied upon for reversal of the judgment, it argues only the question whether the complaint stated a cause of action for which relief could be granted. Rule 19 of this court relates to the preparation and filing of briefs. The brief of appellee complies with the rule and the motion to strike it is without merit.

Coming to the merits, one question is decisive and dispositive of the case and eliminates need to consider others. It affirmatively appeared from the face of the complaint and the exhibits attached to it that the essence of the cause of action pleaded was to restrain the warden of a federal penitentiary from refusing to mail letters written by an inmate of the institution to a young lady, intended to open correspondence of a romantic nature. But the control of federal penitentiaries is entrusted to the Attorney General of the United States and the Bureau of Prisons. A court of equity does not have power in a case of this kind to superintend through injunctive processes the conduct of a federal penitentiary or its discipline. Platck v. Aderhold, 5 Cir., 73 F.2d 173; Sarshik v. Sanford, 5 Cir., 142 F.2d 676; Shepherd v. Hunter, 10 Cir., 163 F.2d 872.

The complaint was fatally infirm in that it failed to state a cause of action for which relief in equity could be granted and therefore the action was properly dismissed.

The judgment is affirmed.