**STURM v. McGRATH, Atty. Gen., et al.**

**No. 3910.**

United States Court of Appeals
Tenth Circuit.

Oct. 28, 1949.

Godfrey Nordmark Denver, Colo. (Appellant pro se on the brief) for appellant.

Lester Luther, U. S. Atty., and Malcolm Miller, Asst. U. S. Atty., Topeka, Kan., were on the brief for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This action was instituted in the United States Court for Kansas by Julius Sturm, an inmate of the federal penitentiary at Leavenworth, Kansas, against the Attorney General of the United States, the Director of the Bureau of Prisons of the United States, and the Warden of the penitentiary at Leavenworth. Though somewhat difficult to classify in legal terminology, the action may be catalogued as one in mandamus or for a mandatory writ of injunction. The court dismissed the action, and complainant appealed.

Laying aside the fact that under Federal Rules of Civil Procedure, rule 81 (b), 28 U.S.C.A., the writ of mandamus was expressly abolished, we come to the cause of action pleaded in the petition of complainant which was seemingly drafted without the aid of counsel. It was alleged among other things that the agents of respondents, at a hearing illegally constituted and conducted and without any competent evidence, forfeited one hundred and twenty days of complainant's good time allowance; and that respondents subsequently ratified such action. But the record before us does not disclose the date of the sentence imposed upon complainant, the term of the sentence, the time served, or the time at which he will be entitled to his discharge, either with or without credit for the good time allowance. The record is completely silent in those respects. So far as the record discloses, complainant may still be subject to further confinement even if credit for the one hundred and twenty days be allowed him. And the action of prison authorities in forfeiting good time allowance of an inmate of a penal institution is not open to judicial review prior to the time the inmate, with credit for the good time allowance, is entitled to be freed from further incarceration. Cf. Benjamin v. Hunter, 10 Cir., 176 F.2d 269.

In all other respects, the cause of action pleaded in the petition of complainant concerned itself solely and exclusively with the treatment of prisoners in the penitentiary at Leavenworth, and particularly the treatment of complainant. But the control of federal penitentiaries is entrusted to the Attorney General of the United States and the Bureau of Prisons. And a court does not have power in an action of this kind to superintend through mandamus or injunctive processes the administrative conduct of a penitentiary or its discipline. Dayton v. Hunter, 10 Cir., 176 F.2d 108.

The judgment is affirmed.