UNITED STATES of America ex rel.
Ralph J. HOGE, Plaintiff,

v.

Patrick N. BOLSINGER, Prothonotary, Supreme Court of Pennsylvania, Western District at Pittsburgh, Pennsylvania, Miriam A. Greenawalt, Deputy Prothonotary, Supreme Court of Pennsylvania, Middle District at Harrisburg, Pennsylvania, James F. Maroney, Superintendent, Western State Penitentiary, Pittsburgh, Pennsylvania, Defendants.

Civ. A. No. 61–737.

United States District Court
W. D. Pennsylvania.

Feb. 12, 1962.

No appearance for Ralph J. Hoge.

Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa., for defendants in all three cases.

MARSH, District Judge.

The plaintiff, Ralph J. Hoge, an inmate at Western State Penitentiary, filed a complaint at No. 61–737 entitled "Petition for Writs of Declaratory Judgement and Mandatory Injunction". He avers that on March 1, 1961, he addressed a petition to the Pennsylvania Supreme Court, at Harrisburg, which was received by defendant Bolsinger, the Prothonotary of that Court, at Pittsburgh, who arbitrarily returned it to plaintiff "with-

out any legal recognition, review, and/or legal action whatsoever on the part of the * * * Supreme Court".

He avers that on July 26, 1961, he sent to Dauphin County Court of Common Pleas a petition for a Writ of Mandamus and received no acknowledgment. He avers that on October 13, 1961, he petitioned the Supreme Court of Pennsylvania for a Writ of Mandamus to compel the Clerk of the Dauphin County Court to acknowledge the receipt of the petition of July 26, 1961, and to schedule it for judicial review, but that defendant, Miriam A. Greenawalt, a Deputy Prothonotary of that Court arbitrarily returned the mandamus petition "without any legal recognition, review, and/or legal action whatsoever on the part of the * * * Supreme Court".

It can be gathered that the plaintiff is accusing the two Prothonotaries of conspiracy to thwart his efforts to protect his legal rights by invalidating his petitions sent to the Pennsylvania Supreme Court. Thus he claims to have been deprived of the equal protection of the laws and due process of law in violation of his civil rights and the First and Fourteenth Amendments of the United States Constitution.

Plaintiff avers in his complaint at Supplement #1 that several months ago he ordered by letter certain Pennsylvania statutes from the Bureau of Publications, Harrisburg, Pennsylvania, and gave the letter to the Penitentiary mailing department "for purpose of being mailed", but he has not received the requested statutes, or any response; nor has the letter and his prepaid postage been returned to him. Because he does not know what happened, he avers that he has been denied his civil rights by defendant Maroney, the Superintendent of the Western State Penitentiary, in that he has been denied "free-access-to-law, due-process-of-law, * * * equal-protection-of-law and right-to-petition" in violation of his civil rights and the First and Fourteenth Amendments.

Plaintiff avers in Supplement #2 that he attached to his petition for writ of mandamus sent to the Dauphin County Court of Common Pleas an affidavit of poverty on which the defendant-Superintendent caused to be written a statement to the effect that plaintiff "has a certain amount of money in his institutional account"; that this statement was added to his affidavit without his knowledge and was unauthorized, unsigned and inaccurate. Plaintiff admits the addition is of little factual consequence.

It can be gathered that plaintiff is accusing the Superintendent of violating his rights under the First and Fourteenth Amendments by refusing to mail the letter and by altering an affidavit of poverty to a court petition in an attempt to thwart plaintiff's efforts to protect his legal rights.

Plaintiff seems to want this federal court to declare that the three defendants have violated his civil rights in that they have abridged his constitutional privileges and immunities, and to order these defendants to "cease and desist, under penalty of law, any and all such illegal practices".

The defendant-Superintendent filed an answer pro se, and subsequently he and the defendant-Prothonotaries moved to dismiss the complaint for failure to state a cause of action upon which relief can be granted, Rule 12(b) (6), Fed.R.Civ.P., and for failure to show exhaustion of administrative remedies provided by the laws of Pennsylvania.

The action probably is based upon §§ 1983 and 1985(2) of Title 42 U.S.C.A., with jurisdiction conferred by § 1343 of Title 28 U.S.C.A. (1960 Supp.).

■■ It is the opinion of the court that the complaint fails to state a claim upon which relief can be granted. The facts stated as distinguished from legal conclusions fall far short of asserting a claim for relief under §§ 1983 and 1985 (2), Title 42 U.S.C.A. The facts alleged are that the plaintiff sent petitions to the Supreme Court of Pennsylvania and same were returned to him by the Prothonotaries of that Court; that he sent a letter ordering statutes from the Bureau of

Publications and did not receive a reply; and that something was written on his affidavit of poverty accompanying a petition to a State court. The remaining allegations to the effect that defendants arbitrarily thwarted his efforts to obtain or protect his legal rights by depriving him of due process of law, equal protection of the laws, and the right to petition the courts without interference, hindrance, or alteration, are patently conclusory in nature. For all that appears, the Prothonotaries and the Superintendent were acting with full authority in respectively conducting the business of the Pennsylvania Supreme Court and the State Penitentiary, with which duties they are charged. There are no facts alleged to indicate that these defendants did not at all times act in good faith and according to the law and the rules, regulations, and orders by which they are bound. Nowhere does plaintiff allege facts on which the defendants could be said to have acted arbitrarily, maliciously, intentionally, oppressively, or knowingly in violation of his rights. There is no allegation that plaintiff was deprived of any right which, under similar circumstances, would have been accorded to a person of a different race. Hence, in our opinion the complaint does not state a cause of action under the Civil Rights Act; if the rule were otherwise, every complaint against a State official by the simple expedient of averring conclusions would be cognizable in the federal courts under the Civil Rights Act.

█ In actions of this nature, highly specific factual averments are required to defeat a motion to dismiss. General allegations, when unsupported by the complaint read as a whole, have been consistently rejected as insufficient.

█ It would seem that the matters raised by plaintiff are state and not federal questions. It does not appear that plaintiff cannot obtain a judicial determination of his rights by independent action in the Pennsylvania Courts. He does not contend otherwise nor does he allege any circumstance of fraudulent action or discrimination. Agnew v. City of Compton, 239 F.2d 226 (9th Cir., 1956). Plaintiff reiterates that he desires this federal court to institute an investigation into the manner in which the Prothonotaries conduct the business of the Supreme Court of Pennsylvania, and the Superintendent the business of the Penitentiary. These are strictly State matters and the court has no such power to investigate.

An appropriate order will be entered dismissing the complaint.