UNITED STATES of America ex rel. Ralph J. HOGE, Appellant,

v.

Patrick N. BOLSINGER, Prothonotary, Supreme Court of Pennsylvania, Western District at Pittsburgh, Pennsylvania, Miriam A. Greenawalt, Deputy Prothonotary, Supreme Court of Pennsylvania, Middle District at Harrisburg, Pennsylvania, James F. Maroney, Superintendent, State Correctional Institution at Pittsburgh 33, Pennsylvania, Appellees.

Nos. 14000–14002.

United States Court of Appeals Third Circuit.

Submitted Oct. 19, 1962.

Decided Oct. 31, 1962.

Certiorari Denied Feb. 25, 1963.

See 83 S.Ct. 878.

Ralph J. Hoge, appellant, pro se.

Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa. (Franklin L. Kury, David Stahl, Atty. Gen., Harrisburg, Pa., on the brief), for appellees.

Before McLAUGHLIN and HASTIE, Circuit Judges, and DUMBAULD, District Judge.

PER CURIAM.

Appellant is an inmate at Western State Penitentiary, a Commonwealth of Pennsylvania institution, where he is serving a prison sentence as a result of his conviction of a state offense.

His petition to proceed with these three appeals in forma pauperis is allowed.

In the first appeal, No. 14,000, appellant asks for the return of certain papers taken from him by the authorities of the prison where he is confined. In the second, he complains that said authorities refused him the services of a notary to notarize his letter petition to the district court complaining of the seizing of his papers.

The third appeal asks for a declaratory judgment of appellant's right to petition the state courts and the district court for alleged violations of his civil rights and for an injunction against appellees restraining them from such practices as stated in the first and second appeals.

The district court considered appeals Nos. 14,000 and 14,001 together. In the latter, appellant stated that by that time his papers had been returned to him and that he had been given the services of a

notary. The court therefore found that the questions raised by the complaints were moot and on the motion of the Commonwealth dismissed them. The court further noted that appellant's request that the State prison be investigated and that certain discipline and procedures be set up was beyond the power of the district court. United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105, 107 (7 Cir. 1953).

In the third complaint, appellant states that he sent a petition for a writ of mandamus to the Dauphin County Court of Common Pleas and did not receive any acknowledgment. Thereafter he says he petitioned the Pennsylvania Supreme Court for a writ of mandamus to compel the clerk of the county court to acknowledge receipt of the petition sent him and to schedule it for hearing. That second petition, states petitioner, was returned to him without any action by the Supreme Court. He also alleges that he ordered certain Pennsylvania statutes from the Pennsylvania Bureau of Publications and has not received them nor has his letter been returned.

Because of these matters appellant claims that he has been deprived of the equal protection of the law and that his civil rights have been violated by the appellees.

The district court in a detailed and excellent opinion held that the complaint fell far short of establishing a cause of action under Sections 1983 and 1985(2) of Title 42 U.S.C.A.; that no facts were alleged to support the conclusions of the complaint and that the questions raised are state matters, not federal. Petitioner requests the district court to investigate how the Pennsylvania Supreme Court's business is conducted by its Prothonotaries and that of the state prison by the Superintendent. The district court repeats its conclusion that those are strictly state affairs in the circumstances presented.

Our own examination of these appeals satisfies us that the district judge dealt with them fully, carefully and properly.

We must agree with him that there are no facts alleged which bring these appeals or any of them within the Fourteenth Amendment or Civil Rights Act. Appellant has undergone several frustrating experiences which in this instance, as the district judge suggests, may have arisen out of routine procedure. And allegations that the defendants arbitrarily thwarted appellant's efforts to obtain or protect his legal rights through the courts are rightly said by the trial court to be " * * * conclusory in nature". Factual documentation supporting such a conclusion would of course present a far different situation.

The orders of the district court will be affirmed.