Albert J. KOSTAL, Appellant,

v.

Harry C. TINSLEY, Warden, Colorado State Penitentiary, Appellee.

No. 7832.

United States Court of Appeals Tenth Circuit.

Nov. 2, 1964.

---

* Judge Friendly took no part in the consideration or decision of this case.

1. Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 32 F.R.D. 473 (N.D. Ill.1963).

846

Malcolm E. MacDougall, Denver, Colo., for appellant.

John P. Moore, Asst. Atty. Gen., of Colorado (Duke W. Dunbar, Atty. Gen., of Colorado on the brief), for appellee.

Before MURRAH, Chief Judge, HILL and SETH, Circuit Judges.

PER CURIAM.

This appeal has been taken from the denial by the trial court of Appellant's application for a writ of habeas corpus for release from the Colorado State Penitentiary. Appellant has an appeal pending before the Colorado Supreme Court of his conviction, and has also litigated the issues here presented before the Colorado State Courts.

The Appellant is under sentence for "life at hard labor" and the record shows Appellant at various times has been placed in isolation and in solitary confinement by the prison officials for extended periods for alleged attempted escape and for investigation of escape. Appellant argues that habeas corpus is available to him although his initial confinement may have been legal, but the detention has become unlawful by reason of subsequent events. He argues that the prison officials have no authority to inflict punishment different from that imposed by the sentencing court, and thus the writ should have issued.

Appellant relies on Coffin v. Reichard, 143 F.2d 443, (6th Cir.); Fulwood v. Clemmer, 111 U.S.App.D.C. 184, 155 A.L. R. 143, 295 F.2d 171; and United States ex rel. Cook v. Dowd, 180 F.2d 212 (7th Cir.), and argues also that there is no statutory authority for prison officials to impose the type of punishment here involved. He urges that the Colorado statutes provide the punishment for an escape or attempted escape, and no mention is made of solitary confinement as a punishment for a prisoner in Appellant's position.

The trial court found that there was authority to discipline the prisoners, that the action here taken was within such authority, and the treatment of Appellant was not cruel and inhuman. Appellant urges that this finding was clearly erroneous. The record supports the trial court's findings. The punishment is not an unusual one, no physical mistreatment occurred, and if used to enforce prison rules is not improper under the record before us. This is not, however, to say that such confinement may never be considered cruel and inhuman. The discretion of the prison officials on matters purely of discipline, within their powers, is not open to review. Dayton v. Hunter, 176 F.2d 108 (10th Cir.);

Shepherd v. Hunter, 163 F.2d 872 (10th Cir.); Jennings v. Murphy, 194 F.2d 35 (7th Cir.). It does not appear that the punishment here imposed comes within Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793, or Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758.

■ The Appellant also urges that the perfection of his appeal to the Colorado Supreme Court has been interfered with by the actions of the prison officials in imposing solitary confinement, and otherwise restricting the use of a typewriter and other material. The record shows the appeal was delayed, but is now proceeding and no showing of prejudice is now shown.

■ It appears that Appellant at the time of the hearing before the trial court and argument before us was not in solitary confinement, but was part of the prison community, thus there is and was no basis for the issuance of the writ.

Affirmed.