Charles Gregory CANNON, Appellant,

v.

J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 8591.

United States Court of Appeals Tenth Circuit.

April 7, 1966.

Mark L. Bennett, Topeka, Kan., for appellant.

James R. Ward, Topeka, Kan., for appellee.

Before HILL and SETH, Circuit Judges, and BOHANON, District Judge.

BOHANON, District Judge.

The Petitioner, Cannon, is presently incarcerated in the United States Penitentiary at Leavenworth, Kansas, for a sentence imposed by the United States District Court for the Southern District of New York.

Petitioner filed in the District Court a petition seeking to require the Warden at the United States Prison to show cause why he should not be released. The petition was denied by the District Court without a hearing, and the petition dismissed.

It is Petitioner's contention that a certain number of days of good time which he claimed to have earned was cancelled by the prison authorities, which was taken away from him for "alleged homosexual act (not proven)." If such good time were restored he would be presently entitled to be released. Petitioner does not allege in his pleading that his forfeited good time was taken from him as a result of any arbitrary or capricious action. He merely alleges that he was "not guilty" of the alleged violation of the rules of the institution. As a minimum requirement the Petitioner, in order to have a factual hearing, was required to allege enough facts to raise a substantial issue of fact. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.

The control and management of Federal penal and correctional institutions is vested in the Attorney General of the United States, and it is his responsibility to provide for the proper government, discipline, treatment, care, and rehabilitation of federal prisoners. It is the settled law that Courts will not undertake to superintend or supervise the administration of Federal prisons, since this is an administrative function delegated to the Attorney General. Sturm v. McGrath (10 Cir.), 177 F.2d 472; Dayton v. Hunter (10 Cir.), 176 F. 2d 108; Roberts v. Pegelow (4 Cir.), 313 F.2d 548.

Before this Court or the District Court should assume jurisdiction, the Petitioner must have exhausted his administrative remedies. 18 U.S.C.A. § 4166. This he has not done.

The Order of the District Court dismissing the petition is affirmed, without prejudice to the Petitioner to pursue his administrative remedies.