Kenneth GRAHAM, Appellant,

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 9470.**

United States Court of Appeals Tenth Circuit.

Oct. 30, 1967.

Jack S. Ramirez, Wichita, Kan., for appellant.

James R. Ward, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

Appellant is presently confined in the United States Penitentiary of Leavenworth, Kansas, serving a sentence lawfully imposed after conviction for the offense of murder in the second degree. By petition presented to the District Court for the District of Kansas he alleged that he was being subjected to cruel and unusual punishment in violation of his constitutional rights under the

Eighth Amendment because of prolonged and unreasonable segregated confinement in the maximum security facilities at Leavenworth. After a full evidentiary hearing at which both the appellant and the Chief Correctional Officer testified, the trial court denied relief. We affirm.

█ The basic responsibility for the control and management of penal institutions, including the discipline, treatment and care of those confined, lies with the Attorney General and is not subject to judicial review unless exercised in such a manner as to constitute clear arbitrariness or caprice upon the part of prison officials. Cannon v. Willingham, 10 Cir., 358 F.2d 719 and cases cited. Segregation, as such, is not a cruel nor unusual treatment, punishment or practice. Kostal v. Tinsley, 10 Cir., 337 F.2d 845.

█ Appellant is not presently in segregation as a disciplinary control for specific misconduct but as an administrative control relating to inmates considered to be a "threat to themselves, to others, or to the safety and security of the institution." Bureau of Prisons Policy Statement, #7400.4, issued 9-9-66. Such a policy is perfectly proper and lawful and its administration requires the highest degree of expertise in the discretionary function of balancing the security of the prison with fairness to the individuals confined. In the case at bar the record reveals that appellant's confinement in segregation is the result of the considered judgment of the prison authorities and is not arbitrary.

█ Appellant has, indeed, been in segregation for a protracted period, continuously for more than two years prior to the present hearing. However, his record during three separate periods when he was allowed confinement "within the population" of a prison reflects a history of participation, directly or indirectly, in conduct of extreme violence. While confined in the United States Penitentiary at Atlanta, Georgia, he murdered an inmate in 1961. After transfer to Leavenworth for security purposes,

he was present in 1962 when a self-styled friend killed another inmate. Still later, in 1964, appellant was again present when this same "friend" killed another inmate. ·Shortly after this third murder appellant was sent to Springfield and upon his return to Leavenworth has been isolated. Although his conduct in segregation has since been entirely satisfactory the trial court was manifestly correct in determining that appellant has been denied no constitutional right and that the determination of whether appellant presently should be considered a threat to others or the safety or security of the penitentiary is a matter for administrative decision and not the courts.

Affirmed.