George **J. PETRISKO**, Plaintiff,

v.

Andrew **VEREB**, Defendant.
**Civ. A. No. 69–1415.**

United States District Court
W. D. Pennsylvania.
Dec. 19, 1969.

George J. Petrisko, pro se.

No appearance for defendant.

### MEMORANDUM AND ORDER

MARSH, Chief Judge.

 The plaintiff presented a civil action, in forma pauperis, under the Civil Rights Act, Sec. 1983, Title 42 U.S.C., and Sec. 1343, Title 28 U.S.C., against Andrew Vereb, seeking damages in the amount of $20,000 for causing the conviction of plaintiff for murder by giving false and perjurious testimony against the plaintiff at his trial.

It appears from the complaint that the plaintiff is a prisoner confined in the State Correctional Institution at Pittsburgh, Pennsylvania; that he was convicted of a capital crime on November 26, 1968, but has not been sentenced.

It appears from Exhibit "A" attached to the complaint that the defendant Vereb was formerly a carpenter; that when he was called as a witness by the Commonwealth, Vereb identified a club found at the scene of the crime which, he testified, had been cut down and beveled by him at the request of the defendant, and that he gave the club to the defendant.

It is not alleged in the complaint that Mr. Vereb, when he testified, was an official of the Commonwealth or was acting under color of state law. Absent facts warranting such a conclusion a district court does not have jurisdiction under the Civil Rights Act § 1983.[1] A plaintiff seeking damages under the civil rights statutes must allege highly specific facts. United States ex rel. Hoge v. Bolsinger, 211 F.Supp. 199 (W.D.Pa. 1962), aff'd 311 F.2d 215 (3d Cir. 1962); Pugliano v. Staziak, 231 F.Supp. 347, 349 (W.D.Pa.1964), aff'd 345 F.2d 797 (3d Cir. 1965); Weyandt v. Mason's Stores, Inc., 279 F.Supp. 283 (W.D.Pa. 1968).

In my opinion the complaint shows on its face that the court lacks jurisdiction under the Civil Rights Act or under any other federal law and, accordingly, should be dismissed.

An appropriate order will be entered.

---

1. Section 1983 provides:

 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."