**Robert N. BUSZKA**

v.

**Robert L. JOHNSON, Superintendent, Graterford State Correctional Institution**

and

**Allyn R. Sielaff, Commissioner, Bureau of Correction of Pennsylvania.**

**Civ. A. No. 72–1801.**

United States District Court,
E. D. Pennsylvania.

Dec. 6, 1972.

772

Robert N. Buszka, in pro. per.

Michael Minkin, Asst. Atty. Gen., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Presently before the Court is Defendants' Motion for Summary Judgment. Plaintiff, an inmate at the State Correctional Institution at Graterford, has instituted a pro se Civil Rights action pursuant to 42 U.S.C. § 1983, alleging a deprivation of a constitutional right.

More specifically, the plaintiff alleges that the condition in the maximum security cell block at the State Correctional Institution at Graterford constitute cruel and unusual punishment. The above allegation is coupled with the averment that he has received improper medical attention. Furthermore, in the affidavit attached to his complaint, the plaintiff alleges that he was transferred from the State Correctional Institution at Graterford to the State Correctional Institution at Pittsburgh. Plaintiff is seeking solely equitable relief in the form of an injunction against the defendants "restraining them from this form of unjust treatment."

I. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

██ In order to state a cognizable claim under the Civil Rights Act, 42 U. S.C. § 1983, the complainant must por-

tray specific conduct by state officials which violates some constitutional right. Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970). Furthermore, the federal courts have uniformly required some semblance of factual specificity in pleading. United States ex rel. Hoge v. Bolsinger, 311 F.2d 215 (3d Cir. 1962), cert. denied, 372 U.S. 931, 83 S.Ct. 878, 9 L.Ed.2d 735 (1963); Pugliano v. Stanziak, 231 F.Supp. 347 (W.D.Pa.1964), aff'd, 345 F.2d 797 (3d Cir. 1965).

■ Although the courts have traditionally construed civil rights complaints written by those unlearned in the law as liberally as possible, the complaint in the instant case lacks the substance which is necessary for judicial relief in that it is wholly conclusory. The court in Pugliano v. Stanziak, supra, clearly indicated that where a plaintiff brings a civil rights action pursuant to 42 U.S.C. § 1983, his conclusory allegations, without further support in the facts alleged, would not be enough to sustain a cause of action under the Civil Rights Act.

■ In the instant action, the plaintiff alleges that he is being deprived of physical exercise and proper medical attention. In his affidavit he alleges that he was transferred to the State Correctional Institution at Pittsburgh merely to harass him. Clearly, the plaintiff has failed to allege with sufficient factual specificity any conduct by the defendants which has resulted in a deprivation of a constitutional right. Thus, plaintiff's conclusory allegations in the instant case, without any further factual averments to support such conclusions, are insufficient to constitute a cause of action under the Civil Rights Act. United States ex rel. Hoge v. Bolsinger, supra; Pugliano v. Stanziak, supra; Johnson v. Kreider, 264 F.Supp. 188 (M.D.Pa.1967).

As stated in Pugliano v. Stanziak, supra, 231 F.Supp. at p. 349, "It is not enough to state bare conclusory allegations without support in the facts alleged." Here, the complaint lacks the substance which is necessary for relief since it is wholly conclusory. If viewed otherwise, "every complaint against a state official by the simple expedient of averring conclusions would be cognizable in the federal courts under the Civil Rights Act." United States ex rel. Hoge v. Bolsinger, 211 F.Supp. 199, 201 (W.D. Pa.1962).

## II. THE COURT LACKS JURISDICTION OVER THE SUBJECT MATTER OF THE COMPLAINT

Broadly construing plaintiff's complaint, his allegations of cruel and unusual punishment can be divided into two distinct arguments: (1) that the restrictions placed upon the privileges accorded to prisoners who are confined therein constitute cruel and unusual punishment; and (2) that the failure to provide adequate medical treatment while confined to the maximum security cell block constitutes cruel and unusual punishment.

■■ Initially, solitary confinement, in and of itself, does not violate the Eighth Amendment prohibition against cruel and unusual punishment. Ford v. Board of Managers of New Jersey State Prison, 407 F.2d 937 (3d Cir. 1969); Graham v. Willingham, 265 F.Supp. 763 (D.C.Kan.), aff'd, 384 F.2d 367 (10th Cir. 1967); Roberts v. Barbosa, 227 F. Supp. 20 (S.D.Cal.1964). Furthermore, the temporary inconvenience and discomforts incident to solitary confinement do not raise a cognizable claim under 42 U. S.C. § 1983. Ford v. Board of Managers of New Jersey State Prison, supra, 407 F.2d at 940. Clearly, the prisoner-plaintiff herein must allege conduct on the part of the defendant that exceeds mere assignment to the maximum security cell block and the concomitant inconveniences and restrictions that accompany such assignment.

■ While no precise test has been established, numerous courts have indicated criteria applicable in determining whether particular conduct constitutes cruel and unusual punishment. Many cases describe the necessary conduct as "exceptional circumstances." See, Hen-

derson v. Pate, 409 F.2d 507, 508 (7th Cir. 1969) ; United States ex rel. Lawrence v. Ragen, 323 F.2d 410 (7th Cir. 1963) ; Eaton v. Ciccone, 283 F.Supp. 75 (W.D.Mo.1966). Other courts require that the alleged conduct be "barbaric." Ford v. Board of Managers of New Jersey State Prison, supra, 407 F.2d at 940. Still another court has characterized conduct as being cruel and unusual punishment when it shocks the general conscience or is intolerable to fundamental fairness. Jordan v. Fitzharris, 257 F. Supp. 674, 679 (N.D.Cal.1966). Here, the plaintiff's allegations regarding the conditions prevailing in the maximum security cell block at the State Correctional Institution at Graterford fall far short of the barbaric conditions or exceptional circumstances present in other cases in which judicial intervention was deemed appropriate. See, Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1961) (prisoner subjected to strap beatings); Hancock v. Avery, 301 F.Supp. 786 (M. D.Tenn.1969) ·(prisoner forced to sleep in nude on bare, concrete floor and completely deprived of means of personal hygiene). In Ford v. Board of Managers of New Jersey State Prison, supra, the court considered, inter alia, the following allegations concerning confinement to maximum security: That none of the solitary confinement cells had washbowls or running water, that the cells were unsanitary and were permeated by a pervasive stench, that plaintiff was deprived of adequate sleeping facilities, and that he was maintained on a starvation diet. In holding that such allegations do not state a cause of action, the Court of Appeals for the Third Circuit stated:

"Discipline reasonably maintained in . . . prisons is not under the supervisory direction of the federal courts . . . There is nothing . . . to indicate any reasonable basis for interference with state authority, even though appellant's claim is under the guise of a violation of his constitutional rights." Id., 407 F.2d at p. 940.

Additionally, the United States District Court for the Eastern District of Pennsylvania recently considered a case in which the plaintiff alleged that during the time in which he was confined to maximum security at the State Correctional Institution at Graterford, his hair was cut off, he was denied exercise, recreation, and adequate medical treatment. He further alleged that he was confined twenty-two hours a day in an unheated cell during which time he was denied the privileges accorded to the other inmates in the institution. In granting the defendants' Motion to Dismiss, the Honorable Daniel H. Huyett, III stated that the facts alleged fell "far short of constituting cruel and unusual punishment. . . ." United States ex rel. David Tyrrell v. Speaker, et al., Civil Action No. 71–939 (E.D.Pa., filed July 17, 1971).

■ Secondly, it is well settled that a claim of improper medical treatment by prison authorities does not state a claim for denial of rights guaranteed by the federal constitution or laws pursuant thereto. Commonwealth of Pennsylvania ex rel. Gatewood v. Hendrick, 368 F. 2d 179 (3d Cir. 1966) ; see also, Fear v. Commonwealth of Pennsylvania, 413 F. 2d 88 (3d Cir. 1969), cert. denied, 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234; Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970).

■ Since discipline, reasonably maintained in the prisons, is not under the supervisory direction of the federal courts, the present case is a classic example of the circumstances in which the courts have consistently refused to substitute their judgment for that of prison officials. Gurczynski v. Yeager, 339 F. 2d 884 (3d Cir. 1964) ; see also, Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (a federal court will intervene in the administration of state detention facilities only when paramount federal, statutory or constitutional rights supervene; Id., at p. 486, 89 S.Ct. 747, 21 L.Ed.2d 718). The state may, for the purpose of maintaining prison

discipline, promulgate reasonable regulations which indirectly infringe upon the prisoner's constitutional rights. As stated in Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948):

> Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Id., at 285, 68 S.Ct. at 1060.

See also, Roberts v. Pepersack, 256 F. Supp. 415, 426, cert. denied, 389 U.S. 877, 88 S.Ct. 175, 19 L.Ed.2d 165 (1967).

Finally, with regard to the allegations contained in the affidavit attached to plaintiff's complaint, the United States District Court for the District of New Jersey has held:

> The transfer of a state prisoner from one state prison to another does not violate any of the prisoner's constitutional rights. Urbano v. McCorkle, 334 F.Supp. 161, 164 (D.N.J. 1971).

This opinion is consistent with the opinion of the Honorable Wallace S. Gourley, Senior District Judge for the Western District of Pennsylvania, in the case of Gray v. Creamer, et al., 329 F. Supp. 418 (W.D.Pa., filed June 21, 1971). In that case, Judge Gourley held:

> " . . . this court cannot conclude that the transfer of an inmate from one wing to another . . . involved any federally protected rights. Discipline reasonably maintained in state prisons is not under the supervision of federal courts unless such actions are so severe as to require constitutional protections." (Citations omitted).

> I believe the same principle applies to transfers from one prison to another, especially since there is no constitutionally vested right to serve one's sentence in any given institution. (Citations omitted.) Id., at p. 420.

For all the above stated reasons, Defendants' Motion for Summary Judgment will be granted.

The Court is indebted to Defendants' counsel for his excellent brief which we have substantially incorporated herein.