Alvin LeRoi FOWLER et al.,
Plaintiffs,

v.

Park J. ANDERSON, Warden, Oklahoma State Penitentiary, and Leo McCracken, Director, Oklahoma Department of Corrections, Defendants.

Civ. No. 73–113.

United States District Court,
E. D. Oklahoma,
Civil Division.

Feb. 15, 1974.

Plaintiffs, pro se.

Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiffs Richard Lee Cothrum and Willie Marrow, inmates in the Oklahoma State Penitentiary, have brought this action under the Civil Rights Act, 42 U.S.C. § 1983 against Defendants Park J. Anderson, former Warden of the Oklahoma State Penitentiary, and Leo McCracken, former Director of the Oklahoma Department of Corrections, complaining that acting under color of state law said Defendants deprived Plaintiffs of certain of their civil rights in connection with their confinement as prisoners in said institution.

It appeared to the Court from an examination of pleadings that the Plaintiffs had also sued the State of Oklahoma, however, in open Court Plaintiffs Cothrum and Marrow advised the Court that it was not their intention nor have they sued the State of Oklahoma. Prior to the trial the Plaintiff Michial Doyle Robertson appeared in open Court and requested that his action against the Defendants be dismissed, whereupon, after due inquiry the Court dismissed this Plaintiff's action against the Defendants with prejudice. The Plaintiff Alvin LeRoi Fowler had been transferred from the Oklahoma State Penitentiary for the purpose of appearing in a State Court proceeding in northern Oklahoma and thus unavailable for production by the State of Oklahoma and the Court passed his case and hereby orders the same to

be tried separately from the remaining Plaintiffs.

Plaintiffs complain of their being subjected to cruel and unusual punishment by their confinement in protective custody.

The Plaintiffs seek relief herein in the form of damages in the amount of $120,000.00 on the part of each Plaintiff plus $20.00 per day of confinement in protective custody, and an injunction against conditions with reference to protective custody; that they be removed from State custody and be placed in Federal custody; an Order preventing harassment or further discrimination against Plaintiffs and that they be allowed all rights and privileges as other first class inmates among the general prison population.

The Defendants have answered the Complaint denying the allegations thereof. The Court has conducted an evidentiary hearing in which Plaintiffs Cothrum and Marrow appeared and testified. The State of Oklahoma voluntarily produced Plaintiffs Cothrum and Marrow in open Court so that they may testify regarding their Complaint.

From the evidence presented to the Court the following findings of fact and conclusions of law and decision are made herein:

(1) The evidence reveals that Plaintiffs Cothrum and Marrow by reason of being informers were placed in protective custody in the Oklahoma State Penitentiary at their own personal requests. At the trial they did not wish to be placed in the general prison population but wanted all the benefits of such status. The Plaintiffs testified that their lives would be in danger should they be returned to the general prison population. The evidence reveals that said Plaintiffs were confined in the ordinary five by eight foot prison cell; they were allowed showers twice a week and exercise at the time outside the cells; each cell contains a commode and

wash basin, a bed, bedding to include linen, electric light, the cellblock is ventilated, inmates are furnished medical attention on request by being escorted by guards to the prison hospital; they have full mail privileges; they are entitled to reading material in accordance with prison policy for all inmates. Linen bedding and uniforms are changed each Monday. Bedding includes mattress, pillow, sheets, blankets and pillowcase; they may order magazines and books from the canteen twice a week and they may also order other items from the canteen such as tobacco and fruit; the officer in charge of the Law Library comes to the protective custody cells and discusses legal problems with the inmates thereof. It was explained that inmates in such custody are given good time credit; however, inasmuch as they are not working because of their requests for protective custody they are not able to earn work credits. Due to the recent prison riot no factories are now being operated. The Court concludes from the evidence that Plaintiffs are confined in maximum protection at their own requests for their own safety. Further, that within the reasonable capabilities of the Oklahoma State Penitentiary, the protective custody confinement of Plaintiffs Cothrum and Marrow does not constitute cruel and unusual punishment. Graham v. Willingham, 384 F.2d 367 (Tenth Cir. 1967) in treating with maximum type segregation provides:

"Segregation, as such, is not a cruel nor unusual treatment, punishment or practice. Kostal v. Tinsley, 10 Cir., 337 F.2d 845."

Buszka v. Johnson, 351 F.Supp. 771 (E. D.Pa.1972) holds that solitary confinement in and of itself is not cruel and unusual punishment. This case also requires a showing of barbaric conditions or exceptional circumstances before the Court has jurisdiction of a prisoner's civil rights complaint about maximum security cell conditions. Plaintiffs' evi-

dence fails to meet the requirements of the test set out in this case. Moreover, it is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, 340 F.Supp. 1261 (D.Md. 1972). It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, 352 F.Supp. 156 (W.D.Okl.1972). Townes v. Swenson, 349 F.Supp. 1246 (W.D.Mo.1972); Campbell v. Anderson, 335 F.Supp. 483 (D.Del.1971). Here, the Plaintiffs were and are in protective segregation by their own choice and not by direction of the Defendants and they do not wish now to terminate their maximum protection status.

■ (2) This Court has no authority to take these Plaintiffs from State custody where they are held under State convictions and sentences and place them under Federal custody. A prisoner has no federally protected rights as to the institution in which he is confined. Hillan v. Director of Department of Social Service & Housing, 455 F.2d 510 (Ninth Cir. 1972); Lawrence v. Willingham, 373 F.2d 731 (Tenth Cir. 1967).

(3) Neither Plaintiffs Cothrum or Marrow presented any evidence that either Defendant sued herein has practiced harassment or discrimination against them as claimed in their Complaint. It is deemed that their complaints in this regard have been abandoned.

Based on the foregoing, the Court finds and concludes that the civil rights of Plaintiffs Cothrum and Marrow have not been violated by the Defendants as claimed by said Plaintiffs and accordingly said Plaintiffs' actions should be dismissed and Judgment should be entered accordingly.