16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Reginald McGLORY, Plaintiff-Appellant,
v.
O.C. JENKINS, Floyd Gardner, Bureau of Prisons, Defendants-Appellees.
 No. 93-3312.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Reginald McGlory, appearing pro se, appeals from the district court's denial of his motion for a temporary restraining order and/or a preliminary injunction. McGlory was permitted to proceed in the district court in forma pauperis. Finding McGlory's appeal legally frivolous and not taken in good faith, the district court denied his motion to proceed in forma pauperis on appeal. We grant McGlory's motion to proceed in forma pauperis, but affirm the district court's denial of injunctive relief.
 
 
 3
 McGlory is a prisoner, sentenced to a life term, at the United States Penitentiary at Leavenworth, Kansas. On April 27, 1993, all Leavenworth inmates were notified that, in response to a recent security breach and escape, the prison staff was implementing a new procedure for accountability of certain inmates during daytime hours. The inmates who were targeted for the new procedure were classified as high escape risks. All individuals in this group, of which McGlory is a member, were required to report to the prison staff every two hours while assigned to a work detail and to keep an identification card with them while moving within the prison. Placement into the high risk group is not noted in the inmate's central file nor does it affect the inmate's programming or custody classification. (Brief for Appellees at 5.)
 
 
 4
 On appeal, McGlory contends that the court erred in failing to enjoin the prison officials' implementation of his high risk classification and the resulting security procedure.
 
 
 5
 We recognize that "convicted prisoners do not forfeit all constitutional protections by reason of their convictions and confinement in prison." Bell v. Wolfish, 441 U.S. 520, 545 (1979); McKinney v. Maynard, 952 F.2d 350, 353 (10th Cir.1991). However, if McGlory has a constitutional liberty interest in a certain risk classification, it must arise from the Due Process Clause itself or from the prison regulation. See Hewitt v. Helms, 459 U.S. 460 (1983). If no constitutional right is implicated, a court of equity has no jurisdiction to oversee through an injunction the conduct of a federal penitentiary under the control of the Bureau of Prisons. Dayton v. Hunter, 176 F.2d 108 (10th Cir.1949), cert. denied, 338 U.S. 888 (1949).
 
 
 6
 In this case, McGlory fails to articulate how the classification procedure infringes upon a protected liberty interest or any other constitutional right. Because of the security procedure, McGlory is required to carry an identification card and to perform certain check-in procedures over the course of the day. We fail to see how this is a significant infringement in a prison setting.
 
 
 7
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----